UNITED STATES of America,

v.

**Keith RICHARDSON, Defendant.**

No. Cr. A.98–484.

United States District Court, E.D. Pennsylvania.

Feb. 17, 2000.

Mitchell E. Zamoff, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Ross D. Thompson, Jr., Fed. Defender Ass'n., Philadelphia, PA, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, Senior District Judge.

The Office of Probation petitions this court to revoke Keith Richardson's super-

vised release. After a hearing, and upon consideration of all the evidence of record, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. On November 21, 1995, Mr. Richardson was sentenced to thirty-six months imprisonment followed by a five year term of supervised release for one count of distribution of cocaine base, two counts of possession of cocaine base with intent to distribute, and one count of possession of a firearm during a drug trafficking crime. *See* Judgment, Crim.A. No. 94–484, at 1–3.

2. Mr. Richardson's criminal history category for at the time of sentencing was I. *See* Presentence Investigation Report ¶ 27.

3. Mr. Richardson began his term of supervised release on June 29, 1998.

4. One of the conditions of Mr. Richardson's supervised release was that he not commit another federal, state, or local crime.

5. Another condition of Mr. Richardson's supervised release was that he not purchase, possess, or use any controlled substance except as prescribed by a doctor.

6. On May 25, 1999, and June 10, 1999, Mr. Richardson tested positive for cocaine. Mr. Richardson admitted to his probation officer that he used cocaine and needed help with his drug problem. However, Mr. Richardson indicated that he was opposed to inpatient treatment.

7. On June 22, 1999, Mr. Richardson was indicted by a grand jury for a violation of 18 U.S.C. § 922(g)(1), unlawful possession of a firearm by a convicted felon. This indictment stemmed from an incident on January 23, 1999, in which Mr. Richardson pointed a .38 caliber revolver with an obliterated serial number at a police officer.

8. On August 30, 1999, Mr. Richardson pled guilty to the violation of 18 U.S.C. § 922(g)(1). He was sentenced on February 4, 2000, to 71 months imprisonment, three years supervised release, a $100 special assessment, and a $1,000 fine. *See* Judgment, Crim.A. No. 99–339–1, at 1.

*Conclusions of Law*

1. In determining the modification of supervised release, the court is to consider the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, deter, protect the public, and assist the defendant. *See* 18 U.S.C. § 3583(a), (e). Additional factors to be considered include the types of sentence available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant committed the violations alleged, the court may revoke supervised release. *See* 18 U.S.C. § 3583(e)(3).

3. Revocation of supervised release is mandatory if the defendant possesses a firearm while on supervised release. *See* 18 U.S.C. § 3583(g)(2). Under the Sentencing Guidelines, revocation is also mandatory if the defendant commits a grade A or B violation of supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

4. Because one of the original offenses in this case was a Class A felony, the court may not sentence the defendant to more than five years imprisonment upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3).

5. Title 18 U.S.C. § 3553(a)(4)(B), as amended in 1994, states that the court shall consider the applicable Sentencing Commission guidelines and policy statements in imposing sentences on or after September 13, 1994, for violations of probation and supervised release. However, the Third Circuit affirmed in *United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997), that the ranges set out in U.S.S.G. § 7B1.4 are only policy statements and, as such, are advisory and non-binding. Therefore,

the court may impose a sentence outside those ranges.

6. Under the Sentencing Guidelines, any term of imprisonment imposed upon revocation of supervised release shall be consecutive to any sentence of imprisonment that the defendant is serving. *See id.* § 7B1.3(f).

■ 7. A Grade A violation includes conduct which is a crime of violence. *See* U.S.S.G. § 7B1.1(a)(2). A crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force" or "involves conduct that presents a serious potential risk of physical injury to another." *See id.* § 4B1.1(a). The government's proof established by a preponderance of the evidence that, by pointing a gun at a police officer, Mr. Richardson engaged in conduct that presents a serious risk of potential injury to another, and therefore committed a Grade A violation of supervised release.

■ 8. A Grade C violation includes a violation of any other condition of supervised release. *See* U.S.S.G. § 7B1.1(a)(3). The government's proof and the submissions of the Office of Probation establish by a preponderance of the evidence that Mr. Richardson used cocaine while on supervised release and thus committed a Grade C violation.

9. As there is more than one violation of the conditions of supervised release, the court utilizes the grade of the most serious violation. *See* U.S.S.G. § 7B1.1(b). The defendant's grade of violation is therefore Grade A.

10. The range for a Grade A violation for a defendant with a criminal history category of I where the defendant was on supervised release as a result of a sentence for a class A felony is 24–30 months. *See* U.S.S.G. § 7B1.4(a).

11. In Mr. Richardson's case, a penalty of twenty-four months, to be served con-secutively to any other sentence he is currently serving, is appropriate considering the history and characteristics of the defendant and the need for the sentence to protect the public.

An appropriate Order follows.

### ORDER

**AND NOW,** this 17th day of February, 2000, upon consideration of the petition of the Office of Probation, the submission of the government, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's supervised release is **REVOKED;**

2. The defendant is committed to the custody of the United States Bureau of Prisons for a term of thirty (30) months, to be served consecutively to any term of imprisonment the defendant is serving.