UNITED STATES of America,

v.

Anthony NOLAN, Defendant.

No. CRIM. A. 89–313–1.

United States District Court,
E.D. Pennsylvania.

Aug. 4, 2000.

L.C. Wright, United States Attorney's Office, Philadelphia, PA, for plaintiff.

Leigh M. Skipper, Federal Defenders Association, Philadelphia, PA, for defendant.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

KATZ, District Judge.

On October 30, 1989, Anthony Nolan pled guilty before this court to bank robbery, use of a firearm in relation to a crime of violence, possession of a firearm by a convicted felon, unlawful possession of an unregistered firearm, and unlawful possession of a firearm with an obliterated serial number. *See* 18 U.S.C. §§ 922(g), 924(c)(1), 2113(d); 26 U.S.C. § 5861(d), (h). On February 7, 1990, the court sentenced the defendant to 93 months of imprisonment to be followed by five years of supervised release. His supervised release commenced on November 27, 1996.

On January 7, 2000, the Probation Office submitted a Petition for Revocation of supervised release. Based on the submissions of the government and the defendant, and after a hearing, the court now makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. A condition of the defendant's supervised release is that he "shall not commit another Federal, state or local crime[.]" Judgment at 4, Standard Condition 1.

2. On October 19, 1998, the defendant was arrested at Front and Dickinson Streets in Philadelphia following an emergency call reporting an apparent robbery of the Pennsport Market and Deli on Moyamensing Avenue. He was charged with burglary, criminal trespass, theft (unlawful taking and receipt of stolen property), conspiracy to commit the aforementioned crimes, criminal mischief, and possession of an instrument of crime. While the court was notified of the arrest on October 27, 1998, no action was taken at that time pending disposition of the case. The state court case has still not been heard, but the government has indicated that it will not proceed on this violation of supervised release. The court accordingly does not resolve this matter, nor does it impose sentence on this basis.

3. A condition of the defendant's supervised release is that he "shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month." Judgment at 4, Standard Condition 3.

4. Mr. Nolan failed to report for scheduled meetings with the Probation Office on five different dates: November 15, 1999; December 6, 1999; December 14, 1999; December 20, 1999; and January 3, 2000.

5. A special condition of the defendant's supervised release is that he "participate in a program approved by the U.S. Probation Office for substance abuse or mental health intervention, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol." Judgment at 3.

6. Follow concern about his ongoing drug use, the Probation Office instructed the defendant to enter the AHAB rehabilitation halfway house and to remain there until a meeting with staff could take place and outpatient treatment could be arranged. On November 18, 1999, the Probation Officer made a field visit and learned that Mr. Nolan had left without notifying the facility on November 12, 1999. Following information from the defendant's family that he had resumed heroin use, on December 20, 1999, the Probation Office instructed the defendant to sign himself into the Kirkbride Center's dual diagnosis detoxification program. Mr. Nolan failed to do so.

*Conclusions of Law*

 1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining whether to modify supervised release, the court should consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, incapacitate, and rehabilitate. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may modify the terms of supervised release. *See* 18 U.S.C. § 3583(e).

 3. The government established by a preponderance of evidence that the defendant committed two violations of supervised release by failing to report as required and by failing to comply with drug treatment as instructed. The defendant admitted these violations at the hearing.

 4. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court should consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

5. Under the Sentencing Guidelines, the defendant committed two Grade C offenses, *see id.* § 7B1.1(a)(3), leading to a recommended guideline range of five to eleven months, as the defendant's criminal history category is III. *See* U.S.S.G. § 7B1.4; *see also* 18 U.S.C. § 3583(e)(3).

 6. The court will impose a sentence of ten months imprisonment. This sentence within the recommended range acknowledges the repetitive nature of the defendant's failure to comply with his terms of release and will hopefully give the defendant an additional opportunity to address his problems with substance abuse.

7. Recent Supreme Court precedent seemingly overturns Third Circuit precedent that prohibited the imposition of a new term of supervised release in situations such as these. *See Johnson v. United States,* —— U.S. ——, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (holding no *ex post facto* violation in imposing new term of supervised release); *see also United States v. Dozier,* 119 F.3d 239 (3d Cir.1997) (holding that imposition of new term for those defendants who committed class B, C, or D felonies prior to September 14, 1994 violates *ex post facto* law). Nonetheless, the court declines to impose a new term of supervised release in this case.