**UNITED STATES of America,**

v.

**Leondre MYERS, Defendant.**

**No. CR. A. 99–744.**

United States District Court, E.D. Pennsylvania.

Jan. 25, 2001.

---

Timothy R. Rice, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Michael Kelly, Fed. Defenders Ass'n., Philadelphia, PA, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, Senior District Judge.

Now before the court is the Probation Office's petition to revoke Leondre Myers' supervised release. After a hearing, and upon consideration of all the evidence of record, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. Following a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, Mr. Myers was sentenced by Judge Edwin M. Kosik of the Middle District of Pennsylvania to thirty months imprisonment and four years supervised release. The defendant's criminal history category was II. The court departed from the applicable sentencing range of 63–78 months upon the government's motion for a departure due to the defendant's substantial assistance.

2. Mr. Myers began his term of supervised release on September 8, 1997; jurisdiction was transferred to this district in November 1999.

3. One of the general conditions of Mr. Myers' supervised release is that he not possess or use any controlled substance. One of the special conditions of Mr. Myers supervised release is that he participate in a program of drug testing and treatment, as directed by the Probation Office, until such time as he is released from the program by the Office.

4. In May 2000, Mr. Myers admitted to his probation officer that he had relapsed into cocaine abuse. He entered a detoxification program at John F. Kennedy Hospital on May 12, 2000, and discharged himself a day later. Following a meeting with his probation officer and a supervising officer, Mr. Myers agreed to enter reenter inpatient program at John F. Kennedy effective May 17, 2000. On September 8, 2000, Mr. Myers was terminated from that program for failing to comply with its rules and regulations.

5. As a result of Mr. Myers' failure to complete treatment at John F. Kennedy, the court modified his special condition of supervised release in November 2000 to require him to reside at the Comprehensive Sanction Center (CSC) for a period of nine months. Mr. Myers was also ordered to participate in the CSC's substance abuse treatment program.

6. Mr. Myers last attended the CSC program on December 21, 2000. A day later, his probation officer reported that Mr. Myers' whereabouts were unknown.

7. Mr. Myers was arrested on December 27, 2000, and released on bail pending the hearing on the Probation Office's petition to revoke his supervised release. As a condition of bail, he was placed on electronic monitoring and confined to his home, with work release.

8. Also on December 27, 2000, Mr. Myers submitted a urine sample that tested positive for cannabinoid THC metabolite.

9. Mr. Myers' bail was revoked on January 11, 2001, after he left his residence without authorization on two occasions on

January 4, 2001. The defendant removed his electronic monitor before leaving his home the second time.

10. Mr. Myers has maintained employment with the City of Philadelphia Sanitation Department.

*Conclusions of Law*

1. The original offense in this case was a Class B felony. Therefore, the penalty of imprisonment upon revocation of supervised release is limited to three years. 18 U.S.C. § 3583(e)(3).

2. In determining whether to modify or revoke supervised release, the court is to consider certain factors, including the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, deterrence, protection of the public, and assistance to the defendant. 18 U.S.C. § 3583(a), (e). Additional factors to be considered include the types of sentence available, relevant policy statements, and the need to avoid sentencing disparities. *Id.*

3. Title 18 U.S.C. § 3553(a)(4)(B), as amended in 1994, states that the court shall consider the applicable Sentencing Commission guidelines and policy statements in imposing sentences on or after September 13, 1994, for violations of probation and supervised release. However, the Third Circuit affirmed in *United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997), that the ranges set out in U.S.S.G. § 7B1.4 are not guidelines but rather policy statements and, as such, are advisory and are not binding. Therefore, the court may impose a sentence outside those ranges.

■ 4. By testing positive for a controlled substance and failing to complete a treatment program as directed, Mr. Myers committed two Grade C violations of the conditions of his supervised release. U.S.S.G. § 7B1.1(a)(3). According to the sentencing guidelines, upon finding a Grade C violation, a court may revoke supervised release, or extend and/or modify the term of supervised release. *See id.*

§ 7B1.3(a)(2). Pursuant to U.S.S.G. § 7B1.4, for a Grade C violation with an original Criminal History Category of II, the guideline range of imprisonment upon revocation is four to ten months.

■ 5. The guidelines also recommend imposing a more restrictive sanction than that previously imposed where, as here, the revocation is based in part on a violation pertaining to community confinement, intermittent confinement, or home detention. U.S.S.G. § 7B1.3(c)(3).

6. While Mr. Myers has generally complied with the terms of his supervised release and has maintained employment, he has repeatedly failed to comply with the terms that relate to drug treatment. Because the defendant did not respond successfully to less stringent measures addressing his drug use, including in-patient treatment and community confinement with treatment, the court will impose a sentence of six (6) months imprisonment. The court will not reimpose a term of supervised release.

An appropriate Order follows.

## ORDER

**AND NOW**, this 25th day of January,, upon consideration of the petition of the Probation Office, after a hearing pursuant to Fed.R.Crim.P. 32.1, and based upon the court's findings of fact and conclusions of law, it is hereby **ORDERED** that the petition is **GRANTED**. The defendant's supervised release is **REVOKED**. The defendant is sentenced to a term of imprisonment of six (6) months. The court will not re-impose a new term of supervised release.