**UNITED STATES of America**

v.

**Andele RICHARDSON, Defendant.**

**No. Crim.A. 91–476–2.**

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1999.

---

Jeffrey W. Whitt, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Vicki Ellen Herr, Media, PA, for defendant.

### FINDINGS OF FACT & CONCLUSIONS OF LAW

KATZ, Senior District Judge.

On August 22, 1997, the Office of Probation filed a petition for revocation of Andele Richardson's supervised release. Following a hearing, and upon consideration of all the evidence of record, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. After pleading guilty to conspiracy to distribute cocaine, distribution of cocaine, distribution of cocaine in a school zone, and aiding and abetting, Richardson was sentenced by this court on May 1, 1992, to a term of forty-one months imprisonment, followed by six years supervised release. *See* Judgment of Conviction at 2–3.

2. Richardson was released from prison on January 20, 1995, and began his term of supervised release on that date.

3. A mandatory condition of supervised release is that the defendant shall commit no federal, state, or local crimes while on supervised release. *See id.* at 3; 18 U.S.C. § 3583(d).

4. A standard condition of supervised release is that the defendant shall not possess a firearm. *See* Judgment of Conviction at 3.

5. A standard condition of supervised release is that the defendant shall not leave the judicial district without the permission of the court or probation officer. *See id.*

6. On October 14, 1998, Richardson pled guilty to criminal possession of a weapon. He was sentenced on November 4, 1998, in the Supreme Court of the State of New York, to five years imprisonment.

7. The offense for which Richardson was convicted in New York occurred on or about June 6, 1997.

8. Richardson did not have permission to leave the Eastern District of Pennsylvania.

9. Based on the preceding facts, the court finds that Richardson violated three conditions of his supervised release by committing a felony, possessing a firearm, and leaving this judicial district.

10. The court has received two letters of recommendation pertaining to Mr. Richardson's attendance at Cheyney University during the time that he was on supervised release.

*Conclusions of Law*

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, deter, protect the public, and assist the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentence available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

■ 2. The sentencing guidelines' treatment of revocation of supervised release is advisory rather than mandatory, although, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Blackston,* 940 F.2d 877, 892–93 (3d Cir. 1991) (holding the sentencing guideline's Chapter 7 policy statements are merely advisory); *United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after the 1994 amendments to 18 U.S.C. § 3583).

■ 3. Because the defendant's original offense of conviction was a Class B felony, the penalty upon revocation of supervised release can be up to three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

■ 4. Supervised release can be reimposed for violations of supervised release imposed upon conviction for pre-September 13, 1994, Class A and E felonies. *See United States v. Dozier,* 119 F.3d 239, 243–44 (3d Cir.1997). However, the court may not reimpose a new term of supervised release for violations of supervised release imposed upon conviction for pre-September 13, 1994, Class B, C, and D felonies. *See id.*

5. Possession of a firearm generally constitutes a Grade B violation. *See* U.S.S.G. § 7B1.1 cmt. 5. According to the sentencing guidelines, upon finding a Grade B violation, revocation of supervised release is mandatory. *See* U.S.S.G. § 7B1.3(a)(1). For an individual with a Criminal History Category of V, the range of imprisonment is 18–24 months. *See* U.S.S.G. § 7B1.4(a).

6. Leaving the district without permission is a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3) (governing any violation of a condition of supervision other than that constituting a felony offense). According to the sentencing guidelines, upon finding a Grade C violation, the court may either revoke supervision or extend it and modify its terms. *See* U.S.S.G. § 7B1.3(a)(2). For an individual with a Criminal History Category of V, the range of imprisonment is 7–13 months. *See* U.S.S.G. § 7B1.4(a).

7. Under U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, the grade of the violation is determined by the violation having the most serious grade. Of Richardson's three violation, the most serious grade is Class A.

8. Under the sentencing guidelines, any term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment the defendant is serving, whether or not that sentence resulted from the conduct that is the basis of the revocation. *See* U.S.S.G. § 7B1.3(f).

■ 9. Considering the nature and circumstances of the offenses, which involved a dangerous weapon, the court finds that revocation of Mr. Richardson's supervised release is appropriate. Considering Mr. Richardson's efforts to rehabilitate himself while on supervised release, including his enrollment in college, and the need for the sentence to provide just punishment, deter, protect the public, and assist the defendant, the court finds that a sentence of eighteen months imprisonment, to be

served consecutively to his New York state court sentence, is appropriate.