UNITED STATES of America

v.

Kevin McCAULEY, Defendant.

Criminal Action No. 95–405–01.

United States District Court,
E.D. Pennsylvania.

June 22, 2000.

Floyd Miller, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Elizabeth Hey, Federal Defenders Association, Philadelphia, PA, for Defendant.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

KATZ, Senior District Judge.

On January 18, 1996, Kevin McCauley pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922. On November 14, 1996, upon the government's motion for a substantial assistance departure, this court imposed a sentence of forty-two months imprisonment followed by five years of supervised release. McCauley's supervised release commenced on May 29, 1998.

On May 1, 2000, the Probation Office submitted a petition for revocation of supervised release. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law. The court notes that the defendant admitted the following facts through counsel at the hearing.

*Findings of Fact* [1]

1. A condition of Mr. McCauley's supervised release is that he "shall ... not purchase, possess, use, distribute, or administer any narcotic or other controlled substance ... except as prescribed by [a] physician." Judgment at 3.

2. The defendant tested positive for cocaine use on April 11, 2000, and April 19, 2000. On April 19, 2000, Mr. McCauley admitted to his Probation Officer that he had used the drug.

3. A standard condition of the defendant's supervised release was that he avoid "excessive use of alcohol." Judgment at 3. Subsequently, the court amended the condition to prohibit the defendant from consuming any alcohol while on supervised release. *See* Order of Nov. 3, 1998.

---

1. In addition to the two violations described, the original petition for revocation contained other allegations pertaining to an incident that led to state criminal charges. Counsel and the Probation Office represented that those charges had been dismissed, and the court agrees with the defendant that it would be inappropriate to consider those allegations in the present petition.

4. On February 19, 2000, the Probation Office administered an Alcho-senser test at Mr. McCauley's home as part of the supervision process. The test registered positive for alcohol. Both at the time of the test and during an office visit on February 22, 2000, Mr. McCauley admitted to having consumed alcohol.

*Conclusions of Law*

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, incapacitate, and rehabilitate. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may modify, revoke, or terminate supervised release. *See* 18 U.S.C. § 3583(e)(1)-(4).

3. The government established by a preponderance of evidence that the defendant committed two violations of supervised release by using a controlled substance[2] and by consuming alcohol.

■ 4. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy state-

ments are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

5. Under the Sentencing Guidelines, the defendant committed two Grade C violations. *See* U.S.S.G. § 7B1.1(a)(3). As the defendant's criminal history category is IV, the recommended guideline range is six to twelve months imprisonment. *See* U.S.S.G. § 7B1.4; *see also* 18 U.S.C. § 3583(e)(3) (stating that the maximum statutory term of imprisonment is five years when original crime was a Class A felony).

■ 6. The court will impose a sentence of six months imprisonment. The court acknowledges its discretion to impose lesser sanctions, such as home confinement. *See, e.g.*, U.S.S.G. § 7B1.3(c). However, given the persistence of the defendant's violations and the defendant's failure to change his behavior following repeated actions by the Probation Office, a period of incarceration is warranted. This is particularly true given that the defendant's last appearance before this court in 1998 stemmed from problems with alcohol and led to a specific instruction to cease drinking.

7. The court will also impose a fifty-four months of supervised release to follow the period of incarceration.[3] *See* 18 U.S.C. § 3583(h) (permitting imposition of new term of supervised release and incarceration, the combination of which may be up to five years pursuant to 18 U.S.C.

---

**2.** On this point, the court notes that it does not make a finding that the defendant possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Blackston*, 940 F.2d 877 (3d Cir.1991) (holding that testing positive for drug use and conceding use does not require a finding of possession and mandatory revocation).

**3.** Even before the Supreme Court's recent decision holding that imposition of a new

term of supervised release did not constitute an ex post facto violation, *see Johnson v. United States*, —— U.S. ——, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), the Third Circuit had permitted imposition of additional supervised release for individuals convicted of Class A felonies. *See United States v. Dozier*, 119 F.3d 239, 243 (3d Cir.1997); *United States v. Brady*, 88 F.3d 225, 227–29 (3d Cir.1996).

§ 3583(e)(3)); *United States v. Dozier*, 119 F.3d 239, 243 (3d Cir.1997) (explaining that a defendant convicted of a Class A felony may be sentenced following revocation "to any combination of prison and supervised release up to a total package of five years"). This new period of supervised release is imposed for the benefit of both Mr. McCauley and the public: continuing supervision increases the likelihood that Mr. McCauley will be able to get help for any problems he may have following release, and it also ensures that the any risk to public safety will be quickly addressed.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 22ND day of June, 2000, upon consideration of the Petition for Revocation of Supervised Release, the parties' submissions, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The Defendant's supervised release is REVOKED.
2. The Defendant is committed to the custody of the United States Bureau of Prisons for a term of six months.
3. Following the Defendant's release from imprisonment, he shall be subject to fifty-four months of supervised release, with all conditions remaining in place.