UNITED STATES of America,

v.

**Edilberto VARGAS, Defendant.**

**No. CRIM. A. 99–764.**

United States District Court,
E.D. Pennsylvania.

Oct. 4, 2000.

---

Judson A. Aaron, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Defender Association, Defender Association of Philadelphia, Philadelphia, PA, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, Senior District Judge.

Edilberto Vargas pled guilty to possession with intent to distribute cocaine and was sentenced to 96 months imprisonment to be followed by five years supervised release by Judge James Lawrence King of the Southern District of Florida. Mr. Vargas' term of supervised release commenced on January 10, 1998. Now before the court is a petition by the Probation Office for revocation of the defendant's supervised release. After a hearing, and upon consideration of all the evidence of record, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. A standard condition of the defendant's supervised release is that he report to his probation officer and submit monthly written reports. *See* J. at 3.

2. The defendant failed to appear for scheduled drug testing as directed by his probation officer on the following dates: September 16, 1999; September 23, 1999; September 30, 1999; October 7, 1999; October 8, 1999; October 14, 1999; October 21, 1999; October 26, 1999; and October 28, 1999.

3. Another standard condition of the defendant's supervised release is that he notify his probation officer within ten days of any change in residence or employment. *See id.*

4. The probation officer made two unsuccessful home visits to the defendant's reported residence on September 15, 1999, and October 18, 1999. On October 7, 1999, Mr. Vargas informed his probation officer that he had been staying with various friends, but did not give further details regarding his residence. On December 27, 1999, his probation officer reported to the court that the defendant's whereabouts were currently unknown.

5. Another condition of the defendant's supervised release is that he refrain from any unlawful use of a controlled substance. *See id.*

6. Mr. Vargas tested positive for marijuana on July 27, 1999.

7. On December 29, 1999, this court ordered that a warrant be issued for Mr. Vargas. The warrant was executed on August 28, 2000, and the defendant has been detained since then.

*Conclusions of Law*

1. The original offense in this case was a Grade A felony. Accordingly, the maximum term of imprisonment that may be imposed upon revocation of supervised release is five years. *See* 18 U.S.C. § 3583(e)(3).

2. In determining whether to terminate, modify or revoke a defendant's supervised release, the court is to consider factors including the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, deter others, protect the public, and assist the defendant. *See* 18 U.S.C. § 3583(a), (e). Additional factors to be considered include the types of sentence available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

3. A court shall consider the applicable Sentencing Commission guidelines and policy statements in imposing sentences on or after September 13, 1994, for violations of probation and supervised re-

lease. *See* 18 U.S.C. § 3553(a)(4)(B). However, the Third Circuit affirmed in *United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997), that the ranges set out in U.S.S.G. § 7B1.4 are not guidelines but rather policy statements and, as such, are advisory and are not binding. Therefore, the court may impose a sentence outside those ranges.

4. The Probation Office's petition, as well as evidence presented at the hearing, establish by a preponderance of the evidence that Mr. Walker violated several conditions of his supervised release. Such violations constitute Grade C violations of supervised release. *See* U.S.S.G. § 7B1.1(a)(3)(C). According to the Sentencing Guidelines, upon finding a Grade C violation, a court may revoke, extend, or modify the conditions of supervised release. *See id.* § 7B1.3(a)(2); *see also* 18 U.S.C. § 3583(e)(2).

5. According to the Sentencing Guidelines revocation table, the appropriate sentencing range for a defendant with a criminal history category of IV who committed Grade C violations of supervised release is 6 to 12 months imprisonment. *See* U.S.S.G. § 7B1.4(a).

6. Upon consideration of the defendant's refusal to cooperate with the Probation Office, his history, and the Guideline's recommended sentencing range, the court finds that an appropriate penalty is six months imprisonment.

An appropriate Order follows.

### ORDER

**AND NOW,** this 4th day of October, 2000, upon consideration of the petition of the Probation Office, and after a hearing pursuant to Fed.R.Crim.P. 32.1, it is hereby **ORDERED** that the petition is **GRANTED.** The defendant's supervised release is **REVOKED** and the defendant is sentenced to six months imprisonment.

The court will not reimpose a term of supervised release.