**UNITED STATES of America,**

v.

**Mark GREEN, Defendant.**

**No. CRIM 92–649.**

United States District Court,
E.D. Pennsylvania.

April 3, 2001.

384

Michael P. Doss, Kristin R. Hayes, U.S. Atty's. Office, Philadelphia, PA, for U.S.

Noah Gorson, Gorson & Gorson, P.C., Thomas Colas Carroll, Carroll & Cedrone, James N. Gross, Philadelphia, PA, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

On March 10, 1999, the court sentenced defendant to thirty-six months' imprisonment for violations of his supervised release. Defendant subsequently filed three motions pro se. After defendant was sent a *Miller* letter [1] and was appointed counsel to represent him, defendant was granted leave to consolidate the arguments raised in his pro se motions into a single motion under 28 U.S.C. § 2255. Defendant now raises the following arguments: (1) his stipulation to the violations of supervised release at the March 10, 1999 hearing were not knowing and voluntary; (2) his counsel, at the time of the March 10, 1999 revocation of supervised release hearing, was ineffective in violation of his Sixth Amendment rights; (3) the court's sentence violated the· Sentencing Guidelines; and (4) the government's failure to respond in a timely manner to defendant's pro se motions entitles him to the relief that he seeks.

▇▇▇ At a revocation of supervised release hearing ("revocation hearing"), the defendant has a right to contest the charges against him. *See* Fed. R.Crim. Pro. 32.1. Defendant may waive this right, providing that the waiver is knowing and voluntary. *See United States v. Le-Blanc,* 175 F.3d 511, 515 (7th Cir.1999). To determine whether a waiver is knowing and voluntary, the court "should consider the totality of circumstances in which the waiver occurred." *Id.* at 517. Defendant contends that his waiver was not knowing and voluntary because neither he, nor his counsel, nor government counsel knew or understood the burden of proof by which the government needed to show that he had committed the violations of supervised release with which he was charged.

At the revocation hearing, defendant's counsel first informed the court that "I've counseled with my client and reviewed the evidence against him and the relatively modest burden that the Government is put to in these matters, and I've recommended to him that he stipulate to the violations as set forth in the three notices." Hr'g Tr. (3/10/99) at 3–4. Counsel then indicated that he "believed that [defendant] is inclined to accept that recommendation...." *Id.* at 4. Soon thereafter, counsel stated that "[the defendant has] authorized me to acknowledge that the Government would meet its burden to prove [the violations] by a preponderance of the evidence." *Id.* at 5.

Later in the proceedings, and in the context of a colloquy between the court and government counsel relating to the impact of defendant's stipulation on the state charges, government counsel stated that "I think all that [defendant] is stipulating to is that there is *probable cause* and [defendant] would be free to continue to fight those charges in City Hall." *Id.* at 6 (emphasis added). Defendant's counsel in response also misstated the burden of proof by stating that the stipulation is "just an acknowledgement that the Government could prove probable cause that those events occurred...." *Id.* at 7. These statements are, of course, incorrect.

---

1. *See United States v. Miller,* 197 F.3d 644 (3d Cir.1999) (requiring that a pro se litigant who has filed a motion that the court intends to treat as a petition for habeas corpus be given notice that his motion will be so treated and granted leave to withdraw and/or amend his motion).

As all parties now agree, the government must prove the violations by a preponderance of the evidence at a revocation hearing, and not merely show that it has probable cause to believe that the defendant committed the charged violations.

Ultimately, and prior to adjudicating the charges against the defendant, the court stated the correct standard, noting that 28 U.S.C. § 3583(e) requires that the court "find[ ] by a preponderance of the evidence that the defendant violated a condition of supervised release...." *Id.* at 9. Immediately prior to imposing its sentence, the court gave defendant the opportunity to speak on his own behalf, but defendant declined to do so. *See id.* at 22.

■ Defendant claims that his waiver was not knowing and voluntary because the statements by government counsel and his own counsel concerning the government's burden of proof left him confused as to the appropriate standard that the government would have to meet. The court finds, however, that under the totality of circumstances defendant's waiver of his right to contest the charges against him was knowingly and voluntarily made, and that defendant's protestations to the contrary are without merit.

■ First, the defendant's counsel waived defendant's right to contest the charges on behalf of defendant when he stated that "[the defendant has] authorized me to acknowledge that the Government would meet its burden to prove [the violations] by a preponderance of the evidence." [2] Hr'g Tr. (3/10/99) at 5. In the context of a revocation hearing, the court is entitled to rely upon a representation by a defendant's counsel made in open court

and in the presence of the defendant. This is particularly true where, as in this case, there is no evidence that defendant in fact wished to contest the charges at the time of the hearing. Second, the alleged confusion concerning the burden of proof that the government had to satisfy at the hearing occurred only after defendant had waived his right to contest the charges. In any event, the court stated the correct burden of proof before finding defendant guilty of the supervised release violations. Third, although given an opportunity to speak at the hearing, defendant never contended that he was confused or did not understand the government's burden of proof.

Defendant's reliance on *LeBlanc* is misplaced. *LeBlanc* involved a similar question of when a defendant's waiver of his right to contest alleged violations of supervised release can be deemed knowing and voluntary. In *LeBlanc*, however, defendant "equivocated nearly every time he addressed the court, first admitting facts, then retracting his statements and asking for clarification." *LeBlanc*, 175 F.3d at 517. Moreover, the defendant expressed confusion about the meaning of the term "constructive possession," the very crime to which the defendant was admitting, and the district court never explained the meaning of constructive possession to him. *See id.* Furthermore, the district court incorrectly represented the maximum sentence that it could impose, "telling [LeBlanc that the sentence] was between 12 and 18 months, with a nebulous possibility for something more," *id.* at 517, rather than simply telling LeBlanc that he faced a maximum sentence of 24 months.

**2.** In his pro se motion, defendant claimed that his waiver was not knowing and intelligent because he did not understand the meaning of the word "stipulate." *See* Addendum to Mot. for Relief from Order or Judgment (doc. no. 180) at 2. Defendant's counsel did not use the word "stipulate," however, when he offered the waiver on behalf of defendant.

*LeBlanc* is not applicable because the record in this case contains no equivocations or expressions of uncertainty by defendant. Moreover, unlike in *LeBlanc*, the court determined the sentencing range prior to sentencing the defendant. *See* Hr'g Tr. (3/10/99) at 15 (stating that the sentencing guideline range was merely advisory and citing *United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997), in support).

*Preston v. Piggman*, 496 F.2d 270 (6th Cir.1974), the other case cited by defendant, is also readily distinguishable. While in *Preston*, the defendant was not represented by counsel during the five minute perfunctory parole board hearing, *see id.* at 275, in this case defendant had counsel and the court considered all of the issues presented before imposing its sentence.

■ Defendant also contends that his counsel provided ineffective assistance at the March 10, 1999 hearing. A defendant's Sixth Amendment right to effective assistance of counsel is violated when: (1) the counsel's performance is objectively unreasonable; and (2) but for counsel's performance, there was a reasonable probability that the outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant points to two errors in addition to his counsel's misstatement of the government's burden of proof described above as evidence that his counsel's performance was ineffective.

■ First, defendant claims that his counsel neglected to inform him of his rights under Rule 32.1 of the Federal Rules of Criminal Procedure to present witnesses and cross-examine the government's witnesses. Upon consideration of the testimony of both defendant and his counsel regarding their communications leading up to the March 10, 1999 hearing,

the court finds that defendant's counsel did advise defendant of his rights at the revocation hearing. Counsel recalls telling defendant that the revocation hearing would function as a "mini-trial," and that defendant had the right to present evidence and cross-examine adverse witnesses. *See* Hr'g Tr. (3/14/01) at 62. Moreover, counsel spoke with defendant on numerous occasions, by telephone and once in person, concerning the alleged violations of his supervised release. *See id.* at 45, 49. In fact, counsel sought discovery from the government and indicated in correspondence with the court that he expected that the government's allegations would be contested. *See* Government's Resp. to Def.'s Mot. under 28 U.S.C. § 2255, Ex. B. at 2. On the day of the revocation hearing, counsel related to defendant the substance of discussions that he had with a number of witnesses for the government who were present at the revocation hearing. *See* Hr'g Tr. at 53–55. While on the stand, defendant did not contest counsel's testimony as to his communications with defendant. This evidence strongly suggests that defendant was fully aware of his right to present witnesses and cross-examine government witnesses at his revocation hearing.

■ Second, defendant points to his counsel's representation to him that he could ask the court for a new hearing on the violation of supervised release if he was found not guilty of the pending state criminal charges. Defense counsel confirmed that he did in fact give this advice to defendant. Both parties now agree that this legal advice was erroneous. In a case where the violation of supervised release is predicated on the commission of a state offense, a defendant is not entitled to a new hearing in federal court if, after the federal court has determined that the defendant violated the terms of his super-

vised release, he is acquitted of the underlying charge in state court. Although counsel's advice was incorrect, it was only one of a number of factors that counsel considered in deciding to recommend to defendant that he stipulate to the alleged violations. *See* Hr'g Tr. (3/14/01) at 53–55. Certainly, the presence of a number of witnesses at the revocation hearing suggested to counsel that the government was ready and able to prove that defendant committed the violations. In addition, counsel thought that by avoiding an extended hearing and simply stipulating to the violations as charged, the court would be more lenient on defendant than if defendant put the government through a lengthy hearing. *See id.* at 55–56. Counsel also considered the possibility that forcing witnesses against defendant to testify at the federal hearing would make it more likely that these same witnesses would later appear at the state court trial on the underlying offenses. *See id.* at 58. Not forcing the witnesses to testify in the federal court could, based on counsel's experience in the state system, raise a psychological barrier which would make it make it more likely that the witnesses simply would fail to appear at the later state proceedings. The court finds that under the totality of the circumstances, counsel's recommendation to defendant that he stipulate to the government's allegations was not objectively unreasonable, even in light of his misunderstanding that defendant could request a new hearing if defendant was found not guilty of the pending state criminal charges. Accordingly, defendant's counsel's performance was not objectively unreasonable.

■ Even if defendant's counsel's performance was objectively unreasonable, defendant did not make any argument either in his § 2255 motion or at the hearing to consider the motion that there is a reasonable probability that, but for his counsel's errors, the outcome of the hearing on the violation of supervised release would have been different. It is undisputed that a number of government witnesses were present at the revocation hearing and were prepared to testify against defendant concerning the alleged violations of his supervised release. Thus, defendant has not shown a reasonable probability that he in fact would have contested the charges against him absent his counsel's incorrect legal advice. Furthermore, the likelihood that the court would find violations of the terms of defendant's supervised release was extremely high.[3] Although defendant

3. To the extent that defendant argues that his counsel's incorrect advice regarding his right to a second hearing following an acquittal on the underlying state charges rendered his waiver under Rule 32.1 to be defective as well as a violation of his right to effective assistance of counsel, defendant also fails to show that he was prejudiced by the defective waiver. Defense counsel's incorrect legal advice does not rise to the level of "a 'very limited class of constitutional errors' that 'infect the entire trial process' and are so serious that they 'require automatic reversal … without regard to their effect on the outcome.'" *United States v. Nappi,* 243 F.3d 758, 769–70 (3d Cir.2001) (quoting *Neder v. United States,* 527 U.S. 1, 7, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), requiring appellant to show preju- dice despite a clear violation of appellant's rights under Fed. R.Crim. Pro. 32, and identifying "complete denial of counsel, biased trial judge, racial discrimination in selection of the grand jury, denial of self-representation at trial, denial of a public trial, and defective reasonable-doubt jury instruction" as fundamental constitutional errors). Therefore, even if defendant's waiver of his Rule 32.1 right to contest the charges against him was not knowing and voluntary, defendant has not shown a reasonable probability that he would have contested the charges against him, or that the evidence he would have presented would have rendered the government unable to meet its burden of proof. Defendant makes no claim that he had witnesses prepared to testify on his behalf present in the

protests that he was innocent of at least some of the violations for which he was charged, his naked protestations of innocence are by themselves insufficient to establish a reasonable probability that the outcome of the proceeding would have been different.

Defendant's argument concerning the propriety of his sentence was rejected by the Third Circuit pursuant to defendant's appeal in an unreported memorandum opinion dated February 28, 2001. *See United States v. Mark Green*, No. 99–1243, 250 F.3d 736, slip op. at 3 (3d Cir. Feb. 28, 2001). Accordingly, the court will not consider this argument.

Finally, the court finds that the government's failure to respond in a timely manner to defendant's pro se motions does not entitle him to the relief that he seeks, because defendant did not identify any legal prejudice that he suffered as a result of the government's neglect.

courtroom at the time of the revocation hearing, and thus presumably would have relied on his own testimony to counter the numerous witnesses prepared to testify against defendant. *See* Hr'g Tr. (3/14/01) (describing the courtroom as filled with a "sea of strangers," many of whom were "witnesses in the underlying state cases"). Therefore, defendant cannot show that he was prejudiced by any defective waiver of his Rule 32.1 rights.