**UNITED STATES OF AMERICA,**

v.

**Kevin McCAULEY, Defendant.**

**No. CRIM.A. 95–405.**

United States District Court,
E.D. Pennsylvania.

Oct. 18, 2001.

Floyd Miller, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Elizabeth Hey, Fed. Defender Ass'n, Philadelphia, PA, for defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

On January 18, 1996, Kevin McCauley pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e). On November 14, 1996, upon the government's motion for a substantial assistance departure, this court imposed a sentence of 42 months of imprisonment followed by five years of supervised release. Mr. McCauley's supervised release commenced on May 29, 1998. Now before the court is a petition for revocation of supervised release submitted by the Probation Office on September 10, 2001 and amended on October 2, 2001. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's supervised release as imposed on November 14, 1996 was that he refrain from excessive use of alcohol and from purchasing, possessing, using, distributing or administering narcotics or other controlled substances, or any paraphernalia related to such substances except as prescribed by a physician.

2. A special condition of defendant's supervised release as imposed on November 14, 1996 was that defendant participate in a program of testing and treatment for drug an alcohol abuse as directed by the probation officer until such time as the

defendant is released from the program by the probation officer.

3. Urinalysis specimens obtained from the defendant tested positive for the presence of cocaine metabolites on July 1, 1998; July 8, 1998; July 14, 1998; July 21, 1998; July 29, 1998; August 3, 1998; and August 10, 1998.

4. Following a hearing on November 3, 1998, the defendant was found in violation of his supervised release. By order dated November 3, 1998, the court continued supervision with all the original conditions to remain in force, with an additional special condition that the defendant not consume alcohol.

5. Urinalysis specimens obtained from the defendant tested positive for the presence of cocaine metabolites on April 11, 2000 and April 19, 2001.

6. On May 1, 2001 the Probation Office submitted a petition for revocation of supervised release. Following a hearing on the petition on June 22, 2000, the court revoked the defendant's supervised release and committed him to the custody of the U.S. Bureau of Prisons for imprisonment for a term of six months.

7. Following his release from imprisonment, the defendant was placed on supervised release for a term of 54 months with all of the conditions remaining in place, as ordered by the court.

8. On March 15, 2001 and August 14, 2001, defendant tested positive for cocaine.

### Conclusions of Law

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). See 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, protect the public, and rehabilitate. See 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. See id.

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may, inter alia, terminate supervised release and discharge the defendant, revoke supervised release, or order home confinement, with or without electronic monitoring. See 18 U.S.C. § 3583(e)(1), (3), (4).

3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. See United States v. Schwegel, 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The Probation Office's petition, as well as evidence presented at the hearing, established by a preponderance of the evidence that defendant has violated several conditions of his supervised release. Each such violation constitutes a Grade C violation. See U.S.S.G. § 7B1.1(a)(3). Taken together, these violations constitute a Grade C violation pursuant to U.S.S.G. § 7B1.1(b).

5. The court may, upon a finding of a Grade C violation, revoke supervised release, extend the term of supervised release, and/or modify the conditions of supervision. Id. at § 7B1.3(a)(2).

6. Should the court choose to revoke supervised release rather than modify its terms, under the Sentencing Guidelines,

the recommended range of imprisonment is six to 12 months imprisonment, as Mr. McCauley's criminal history category is IV and his supervised released violation is a Grade C violation. *See id.* § 7B1.4. The statutory maximum term of imprisonment upon revocation is five years, as Mr. McCauley's original offense was a Class A felony. *See* U.S.C. § 3583(e)(3).

7. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of twelve (12) months and one (1) day. The defendant's repeated failure to comply with the terms of release, even after a prior revocation of release and imposition of a term of six months of imprisonment, indicates that continuation of supervised release would be ineffective and that a term of imprisonment of twelve (12) months and one (1) day is warranted. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW,** this 18th day of October, 2001, it is hereby **ORDERED** that defendant is committed to the custody of the Bureau of Prisons for a term of twelve (12) months and one (1) day. No further supervised release is imposed.