

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2003

# USA v. Wall

Precedential or Non-Precedential: Non-Precedential

Docket 02-1447

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Wall" (2003). *2003 Decisions.* Paper 652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No:  02-1447

—————————

UNITED STATES OF AMERICA

v.

ERNEST WALL,
a/k/a Rooster

Ernest Wall,

Appellant

—————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 96-CR-00190)
District Judge: Honorable Thomas I. Vanaskie, Chief Judge

—————————

Submitted Under Third Circuit LAR 34.1(a)
on January 17, 2003

Before: ROTH, FUENTES
and ALDISERT, Circuit Judges

(Opinion filed: April 16, 2003)

ROTH, Circuit Judge:

Ernest Wall appeals from a judgment in a criminal case for revocation of supervised release. Wall admitted to violating the three conditions of his supervised release and the District Court imposed the statutory maximum sentence of 24 months' imprisonment. His sentence was beyond the range of 8 to 14 months established in the policy statement contained in U.S.S.G. § 7B1.4. Wall claims on appeal that imposition of the statutory maximum sentence was "plainly unreasonable" under 18 U.S.C. § 3742(a)(4).

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision to exceed the policy statement sentencing range. See United States v. Schwegel, 126 F.3d 551, 555 (3d Cir. 1997).

The facts of the case are known to the parties and will not be set forth here.

Wall first contends that imposition of the statutory maximum sentence undermines a defendant's incentive to admit to violations of his supervised release, thereby impeding judicial efficiency. Secondly, Wall claims that the degree of departure was excessive, even if permissible. We find neither claim to be persuasive. The District Court is not required to impose a sentence that encourages a defendant to confess to his supervised release violations. We hold that the District Court did not abuse its discretion by imposing a two

year sentence, as the sentence was not "plainly unreasonable." The ranges set forth in the policy statement at issue are not binding but are advisory. See Schwegel, 126 F.3d at 552. We have previously held that it is proper for a court to exercise its discretion in imposing a longer sentence than that recommended by a policy statement. See id. at 555. Here, the court considered the recommended range but decided to impose a longer sentence, in part so that Wall would abstain from cocaine use for the two years of his imprisonment. As in Schwegel, the District Court properly exercised its discretion following proper consideration of the policy statement sentencing range.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.

_____

TO THE CLERK:

      Please file the foregoing Opinion.


      By the Court,


        /s/Jane R. Roth
        Circuit Judge

4