

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2004

# USA v. Foster

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Foster" (2004). *2004 Decisions.* Paper 845.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/845

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1791

UNITED STATES OF AMERICA

v.

COLIN D. FOSTER,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00136-3)
District Judge: Honorable Alan N. Bloch

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2004

Before: ROTH, AMBRO, and CHERTOFF, Circuit Judges

(Opinion filed April 13, 2004)

OPINION

AMBRO, Circuit Judge

Colin D. Foster appeals the District Court's sentencing order following the

revocation of his supervised release. Foster argues that the District Court abused its

discretion when it sentenced Foster to three years in prison, in excess of the sentencing range provided in the United States Sentencing Guidelines ("Guidelines"). We disagree, and thus affirm the District Court's order.

## I.

In January 2001, Foster pled guilty to (1) conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana and (2) conspiracy to launder monetary instruments. He was sentenced to 18 months imprisonment and a five year term of supervised release.

In February 2003, the United States Probation Office filed a petition seeking to revoke Foster's supervised release. The next month, the United States District Court for the Western District of Pennsylvania held a hearing on the petition. At the hearing, Foster admitted that he possessed and used cocaine in violation of his supervised release conditions. The District Court also found that Foster committed simple assault and harassment in violation of Pennsylvania law.

The District Court revoked Foster's supervised release and sentenced him to the statutory maximum period–three years in prison. Foster appeals.[1]

## II.

Foster argues that the District Court abused its discretion[2] in imposing a three year

---

[1]We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] Per *United States v. Schwegel*, 126 F.3d 551, 555 (3d Cir. 1997), this is the correct standard of review for a district court's decision to exceed the Guidelines' sentencing

sentence in excess of the Guidelines sentencing range because, under the relevant state law, he would not be sentenced to more than 26 months in prison for the crimes of simple assault and harassment if prosecuted in the state court.[3] We disagree.

Under U.S.S.G. § 7B1.4, the range of Foster's prison term was 12 to 18 months. Foster was sentenced to three years in excess of this range. However, we previously held that the range in the Guidelines is "merely advisory." *Schwegel*, 126 F.3d at 553. As long as the sentencing court considers this range in its evaluating process, the sentence is not reversible solely because it exceeded the range. *Id.* In this case, the District Court considered the recommended sentence under the Guidelines but determined that the longer sentence was necessary to address adequately the seriousness of Foster's continuing violation of the law after receiving a lenient sentence for his initial conviction.

Morever, nothing in the Guidelines requires the sentencing court to consider the possible state sentence that the defendant would receive in the state court for the conduct which is simultaneously in violation of his supervised release terms. Furthermore, in this case, the District Court's decision to impose a three year term was not solely based on

---

range for violation of a supervised release condition.

[3]Foster also emphasizes that the victim (Foster's wife) does not want prosecution and that she lied to the police when she reported the incident that resulted in assault and harassment charges. We note that whether Foster's wife wants him prosecuted is irrelevant to the determination of whether he violated his supervised release conditions. Moreover, during the hearing, Foster's wife confirmed that Foster had broken her wrist and bruised her eye by pushing her, though she denied her earlier testimony to the police that they were arguing about Foster's use of drugs when the incident occurred.

3

Foster's simple assault and harassment charges. He violated the conditions of his supervised release by possessing and using cocaine as well as by committing assault and harassment. Therefore, we conclude that the District Court did not abuse its discretion by imposing a term of imprisonment exceeding the possible state sentence Foster would receive.

\* \* \* \* \* \*

We affirm the District Court's order sentencing Foster to three years in prison upon revoking his supervised release.