

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2004

# USA v. Hassan

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4402

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Hassan" (2004). *2004 Decisions*. Paper 449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4402

———

UNITED STATES OF AMERICA

v.

HASSAN MOHAMMED MOHAMM HASSAN
a/k/a HASSAN MOHAMMED

Hassan Mohammed Hassan,

Appellant

———

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00330-4)
District Judge: Honorable Franklin S. Van Antwerpen

———

Submitted under Third Circuit LAR 34.1(a)
July 2, 2004

Before: AMBRO, ALDISERT and STAPLETON, <u>Circuit Judges</u>.

(Filed: July 29, 2004)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

Because we write only for the parties, who are familiar with the facts, the procedural history and the contentions presented, we will not recite them except as necessary to the discussion. Hassan Mohammed Mohamm Hassan appeals the judgment of the district court revoking supervised release for a Grade A violation and ordering Hassan to be imprisoned for a term of 36 months. Hassan contends that the government did not establish, by a preponderance of the evidence, that a Grade A violation of supervised release occurred. He further contends that the district court's sentence of 36 months imprisonment was plainly unreasonable. We will affirm.

At a hearing before the district court on October 28, 2003, Hassan admitted that he had violated the terms of supervised release by failing to report to a Comprehensive Sanction Center and by failing to pay restitution. Hassan agreed that these were Grade C violations of supervised release in accordance with the policy statement in U.S.S.G. § 7B1.1(a)(3). He also admitted that he had been convicted in Maryland's Baltimore County Circuit Court on August 1, 2003, of two offenses: (1) possessing a deadly weapon with intent to injure and (2) assault. Hassan contended that the Maryland convictions constituted merely a Grade B violation of supervised release, but the government contended that, collectively, they were a Grade A violation. See U.S.S.G. § 7B1.1(a).

The district court heard testimony from a woman who stated that, on June 25, 2003, in Baltimore, Hassan struck her in the ear, causing it to bleed, and then later began to strangle her with an automobile timing belt. The woman further stated that Hassan told

2

her he would chop her head off, put it in a bag and take it back to Egypt. Hassan, however, testified that he merely pushed the woman and that he entered a guilty plea under the impression that he was admitting only to pushing her.

The district court credited the testimony of the woman and not that of Hassan. The district court accordingly found, by a preponderance of the evidence, that Hassan had committed a crime of violence punishable by a term of imprisonment exceeding one year. In the district court's view, that conduct constituted a Grade A violation of supervised release. In arriving at an appropriate response to Hassan's violation of the conditions of supervised release, the district court stated that it considered the evidence produced at the hearing, Hassan's original Presentence Report, relevant statutes, relevant portions of the Guidelines Manual, the need for protection of the public, the need for deterrence and Hassan's history, characteristics and needs. The district court revoked supervised release and ordered Hassan to be imprisoned for 36 months.

The district court's sentence was not "plainly unreasonable." United States v. Blackston, 940 F.2d 877, 879 (3d Cir. 1991) (quoting 18 U.S.C. § 3742(e)(4)). The district court had authority to revoke supervised release and order Hassan to be imprisoned for 36 months because the original offense that resulted in supervised release was a class B felony. See 18 U.S.C. §§ 3583(e)(3) and 3559(a). In accordance with 18 U.S.C. § 3553(a), the district court took into consideration the nature and circumstances of the offense and the history and characteristics of Hassan; the need for adequate

deterrence and public protection; and the provisions of the Guidelines Manual.

Because the policy statement in U.S.S.G. § 7B1.4 does not constitute a "guideline" to which the district court was bound, the district court did not exceed the bounds of its discretion in imposing a term of imprisonment longer than the recommended range for a Grade A violation of supervised release. See United States v. Schwegel, 126 F.3d 551, 555 (3d Cir. 1997). Contrary to assertions by Hassan, the district court did state on the record sufficient reasons under 18 U.S.C. § 3553(a) for imposing a longer term of imprisonment than that in the policy statement of U.S.S.G. § 7B1.4. These reasons consisted of, among other things, Hassan's flagrant disregard of previous orders of the court; his flagrant disregard of the instructions given to him by those overseeing his supervised release; his leaving the jurisdiction; his commission of a crime of violence punishable by imprisonment exceeding one year; his incorrigibility; his lack of respect for the authority of the court; and his giving a false name and date of birth to police in Baltimore.

Furthermore, the district court did not err in determining that Hassan's Maryland offenses constituted a Grade A violation of supervised release rather than a Grade B violation. See Schwegel, 126 F.3d at 555; U.S.S.G. § 7B1.1(a)(1). The court correctly concluded that the government had demonstrated by a preponderance of the evidence that a Grade A violation had occurred. See 18 U.S.C. § 3583(e)(3). The Maryland offenses were both crimes of violence because they involved "the use, attempted use, or threatened

4

use of physical force against the person of another" and because they also involved "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a); see also U.S.S.G. § 7B1.1 Commentary, App. Note 2. Under Maryland law, both offenses were punishable by imprisonment exceeding one year.

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———