NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4099
_____

UNITED STATES OF AMERICA

v.

DON HARRIS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-00-cr-00063-004)
District Judge:  The Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2010

BEFORE: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.


(Filed: June 1, 2010)


_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Don Harris asks us to remand for re-sentencing because the District Court failed to provide advance notice of its intention to depart upwards from the sentencing guideline range applicable to a revocation of supervised release. We will affirm the District Court.

We review *de novo* a district court's interpretation of a guideline. *United States v. Butch*, 256 F.3d 171, 177 (3d Cir. 2001). A district court's decision to exceed the sentencing range prescribed by § 7B1.4 is reviewed for an abuse of discretion. *United States v. Schwegel*, 126 F.3d 551, 555 (3d Cir. 1997). Revocation of Supervised Release proceedings are subject to FED.R.CRIM.P. 32.1(b)(2) which does not expressly or implicitly require advance notice of the sentencing court's intention to depart upward. Harris relies on FED. R.CRIM. P. 32(h) which states: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such departure." Rule 32.1(b)(2), in contrast to Rule 32(h), does not require this advance notice because the sentencing guideline provisions for violations of supervised release, under U.S.S.G. § 7B1.4(a), are merely policy statements which we have never considered mandatory. *See Schwegel*, 126 F.3d at 552. Rule 32(h) remains in full force notwithstanding that, under *United States v. Booker*, 543 U.S. 220 (2005), all sentencing guidelines must be considered advisory, rather than mandatory. Thus, although notice would be required if this case involved a

departure from a guideline range for purposes of initial sentencing, this is not such a departure. *See Burns v. United States*, 501 U.S. 129, 138 (1991). Therefore, we conclude that the District Court was not required to notify Harris of its intent to impose a sentence that exceeded the range recommended under U.S.S.G. § 7B1.4(a).[1]

We will affirm the sentence.

---

[1] We note that even were we to conclude that the District Court owed Harris advance notice of its intention to upwardly depart, the record indicates that Harris' counsel was indeed given advance notice that an upward departure was a possibility. Officer Julie M. Persinger of the United States Probation Office — in two separate dispositional reports — indicated that "because the defendant's original sentence was reduced as a result of substantial assistance, an upward departure may be warranted." Both of these disposition reports were copied to defense counsel.