**UNITED STATES of America,**

v.

**Steven THOMPSON, Defendant.**

No. CR. A. 92–403–1.

United States District Court,
E.D. Pennsylvania.

May 17, 2001.

Richard P. Barrett, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Stuart Patchen, Fed. Defenders Ass'n, Philadelphia, PA, for Steven Thompson.

*MEMORANDUM & ORDER*

KATZ, Senior District Judge.

On February 15, 2001, the Probation Office submitted a petition for revocation of Steven Thompson's supervised release. On April 12, 2001, the Probation Office submitted an amendment to that petition, which was formally filed as an addendum on April 17, 2001. After a hearing and upon consideration of the government's submission, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. On February 12, 1993, this court sentenced Steven Thompson to 46 months imprisonment for one count of conspiracy to commit armed robbery and one count of armed bank robbery, to run concurrently; 60 months imprisonment for one count of use of a firearm during a crime of violence, to run consecutively; and five years supervised release. These offenses constitute a Class B felony and Mr. Thompson's Criminal History Category at the time of sentencing was IV.

2. A general condition of Mr. Thompson's supervised release is that he shall not commit another federal, state or local crime, and shall not illegally possess a controlled substance.

3. Mr. Thompson was arrested by the Philadelphia Police Department on April 16, 2000, and on December 19, 2000, he was convicted of simple assault in Philadelphia Municipal Court. The government and the defendant agree that the defendant's crime of simple assault is a misdemeanor of the third degree, which under state law is punishable by no more than one year. *See* 18 Pa.Cons.Stat.Ann. §§ 2701, 1104 (2001). He was sentenced to 30 days incarceration. He filed an appeal and remained free on bail while the appeal was pending; however, he failed to appear for the appeal hearing, and on April 19, 2001, the conviction and sentence were upheld.

4. Another general condition of Mr. Thompson's supervised release is that he report to the probation officer as directed

by the Court or the probation officer, and that he submit a truthful and complete written report within the first five days of each month. Mr. Thompson is required to report weekly for urinalysis.

5. Mr. Thompson failed to report on January 30, 2001 and February 6, 2001.

6. Another general condition of Mr. Thompson' supervised release is that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substances, or any paraphernalia related to such substances, except as prescribed by a physician.

7. On September 19, 2000, October 3, 2000 and February 13, 2001, Mr. Thompson submitted urine specimens to the Bureau of Prison's Sanction Center Program which tested positive for cocaine metabolite. Mr. Thompson also admitted during an office visit on February 13, 2001 that his earlier failures to report were due to a crack-cocaine binge.

8. A special condition of Mr. Thompson' supervised release is that he participate in a program of drug treatment as directed by the Probation Office.

9. At the direction of the Probation Office, Mr. Thompson entered a 30–day inpatient drug treatment program at Treatment Trends, Inc. on February 13, 2001, while free on bail pending appeal of his conviction of simple assault. On February 15, 2001, he was unsuccessfully discharged from the program.

*Conclusions of Law*

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). *See* 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish the defendant, deter the

defendant and others, protect the public, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may, *inter alia*, terminate supervised release and discharge the defendant, revoke supervised release, or order home confinement, with or without electronic monitoring. *See* 18 U.S.C. § 3583(e)(1), (3), (4).

3. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

4. The government and the defendant stipulated, and the same was established by a preponderance of evidence, that the defendant committed the following violations of supervised release: commission of simple assault under state law, failure to report, use of a controlled substance, and unsuccessful discharge from a program of drug testing and treatment. *See* U.S.S.G. § 7B1.1.

5. The statutory maximum term of imprisonment upon revocation is three years where the defendant's original offense was a Class B felony. *See* U.S.C. § 3583(e)(3).

6. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of 12 months consecutive to any other sentence of imprisonment, to be followed by a term

of supervised release equal to the term of supervised release that remained unexpired prior to the instant revocation. *See* U.S.S.G. § 7B1.3(f) (recommending consecutive sentencing upon revocation).

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 17th day of May, 2001, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's supervised release is **REVOKED.**

2. The defendant is committed to the custody of the United States Bureau of Prisons for a term of 12 months consecutive to any other sentence of imprisonment, to be followed by a term of supervised release equal to the term of supervised release that remained unexpired prior to the instant revocation.