**UNITED STATES of America,**

v.

**Eugene ALLEN, Defendant.**

**No. CRIM.A. 98–482.**

United States District Court,
E.D. Pennsylvania.

July 12, 2001.

Paul L. Gray, U.S. Attorney's Office, Philadelphia, PA, for United States.

Michael J. Kelly, federal Defender Association, Philadelphia, PA, for Eugene Allen.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

KATZ, Senior District Judge.

The Probation Office has filed a petition for revocation of defendant's supervised release. After a hearing, and upon consideration of all the evidence of record, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

1. After defendant Eugene Allen pled guilty to one count of possession of stolen mail, the court sentenced him on January 21, 1999, to five years probation including four months home detention. He began serving his period of home confinement on January 26, 1999.

2. Mr. Allen's criminal history category for the purpose of sentencing with respect to that offense was I.

3. On May 14, 1999, Mr. Allen appeared before the court for a violation of probation hearing. The court found that Mr. Allen had violated his home detention conditions numerous times and revoked his probation. The court sentenced Mr. Allen to a term of imprisonment of six months, followed by three years of supervised release. Alleged violations of the conditions of this term of supervised release are bases of the instant revocation action.

4. One of the standard conditions of Mr. Allen's supervised release is that he report to the probation officer as directed by the court or the probation officer and that he submit a truthful and complete written report within the first five (5) days of each month.

5. As detailed in the Probation Office's petition for revocation, from April 2000 until May 2001, Mr. Allen missed 37 scheduled appointments with his probation officer. Mr. Allen has maintained contact with the Probation Office during this time, but has consistently ignored scheduled appointments. Accordingly, the court finds that Mr. Allen violated one of his standard conditions of supervised release.

6. One of the special conditions of Mr. Allen's supervised release is that he pay his outstanding restitution in such terms as the Probation Office determines, subject to the court's approval.

7. On September 2, 2000, the court signed a Graham Petition ordering Mr. Allen to make monthly restitution payments of $375.00.

8. Mr. Allen has failed to comply with this order. On November 20, 2000, he paid $120.00; on March 9, 2001, he paid $50.00; and on April 16, 2001, he paid $25.00. The current restitution balance is $9,296.01. Accordingly, the court finds that Mr. Allen violated one of his special conditions of supervised release.

9. Over the past year, Mr. Allen has maintained steady employment and has recorded a positive monthly cash flow of $900.00 to $1,200.00.

*Conclusions of Law*

■ 10. Mr. Allen's failure to attend numerous scheduled appointments with his probation officer constitutes a Grade C violation of one of his standard conditions of supervised release. *See* U.S.S.G. § 7B1.1(a)(3).

11. Mr. Allen's failure to make monthly court-ordered restitution payment in the amount of $375.00 constitutes a Grade C violation of one of his special conditions of supervised release. *See id.*

■ 12. Upon a finding of a Grade C violation, the court may revoke supervised release or extend and/or modify the conditions of supervised release.

13. The original offense in this case was a Class D felony. Therefore, the maximum penalty of imprisonment upon revocation of supervised release is limited to two years. 18 U.S.C. § 3583(e)(3).

14. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized by section 3583(e)(3), the court may reimpose a term of supervised release. The length of such term shall not exceed the term of supervised release authorized by the statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). The maximum term of supervised release for Mr. Allen's original offense was three years. *See* 18 U.S.C. § 3583(b)(2).

15. In determining whether to modify or revoke supervised release, the court is to consider certain factors, including the

nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, deterrence, protection of the public, and assistance to the defendant. 18 U.S.C. § 3583(a), (e). Additional factors to be considered include the types of sentence available, relevant policy statements, and the need to avoid sentencing disparities. *Id.*

■ 16. Section 3553(a)(4)(B) states that the court shall consider the applicable Sentencing Commission guidelines and policy statements in imposing sentences on or after September 13, 1994, for violations of probation and supervised release. However, the Third Circuit affirmed in *United States v. Schwegel*, 126 F.3d 551 (3d Cir. 1997), that the ranges set out in U.S.S.G. § 7B1.4 are not guidelines but rather policy statements and, as such, are advisory and are not binding. Therefore, the court may impose a sentence outside those ranges.

17. The guideline range of imprisonment for a defendant who has a criminal history category of I and commits a Grade C violation is three to nine months imprisonment. U.S.S.G. § 7B1.4(a).

18. Considering the nature and circumstances of the offenses; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, deter the defendant and others, protect the public, and assist the defendant, the court finds that a revocation of Mr. Allen's supervised release is warranted. He shall be sentenced to a period of nine (9) months imprisonment, followed by a one (1) year term of supervised release, subject to the standard conditions of supervision set forth in his original Judgment and Conviction Order and subject to the condition that he pay his outstanding restitution in such terms as the Probation

Office determines from time to time subject to the court's approval.

An appropriate Order follows.

### ORDER

**AND NOW**, this 12th day of July,, upon consideration of the Probation Office's petition, after a hearing pursuant to Fed. R.Crim.P. 32.1, and based upon the foregoing findings of fact and conclusions of law, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The Defendant's supervised release is **REVOKED**;

2. The Defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of nine (9) months;

3. The term of imprisonment shall be followed by a period of supervised release of one (1) year, subject to the standard conditions of supervision set forth in his original Judgment and Conviction Order, and subject to the condition that he pay his outstanding restitution in such terms as the Probation Department determines from time to time subject to the court's approval; and

4. The Defendant shall surrender to the Bureau of Prisons within two weeks of the date of this Order.