UNITED STATES of America,

v.

Juanita SANCHEZ, a/k/a Aida Rodriguez, Defendant.

No. 95–487–1.

United States District Court, E.D. Pennsylvania.

Dec. 20, 2001.

Mark Ehlers, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Elizabeth Hey, Esquire, Federal Defenders Association, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On January 16, 1996, Juanita Sanchez pled guilty to three counts of distribution of heroin and one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On March 20, 1997, the court granted the government's motion for a departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and imposed a sentence of 60 months of imprisonment followed by five years of supervised release. Ms. Sanchez's supervised release commenced on January 28, 2000. Now before the court is a petition for revocation of supervised release submitted by the Probation Office on November 16, 2001. Upon consideration of the written submissions of the govern-

ment, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's supervised release, as required under 18 U.S.C. § 3583(d), was that she not commit another federal, state, or local crime and that she not illegally possess a controlled substance.

2. On March 19, 2000, Ms. Sanchez was arrested for possession with the intent to deliver cocaine base and heroin, an offense to which she subsequently pled guilty.

3. On November 9, 2000, Ms. Sanchez was arrested for possession with the intent to deliver heroin, an offense to which she subsequently pled guilty.

4. On December 5, 2000, Ms. Sanchez was arrested for possession with the intent to deliver cocaine base and heroin, an offense to which she subsequently pled guilty.

5. On January 25, 2001, Ms. Sanchez was arrested for distribution of cocaine base, an offense to which she subsequently pled guilty.

6. On October 31, 2001, Ms. Sanchez was sentenced in state court to concurrent sentences of one to two years of imprisonment for each of the four above-described drug offenses.

### Conclusions of Law

1. The Probation Office's petition, as well as evidence presented at the hearing, establishes by a preponderance of the evidence that Ms. Sanchez violated a condition of her supervised release by illegally possessing a controlled substance and by committing a federal, state, or local crime on four separate occasions.

2. Supervised release in this case is governed by the provisions of 18 U.S.C. § 3583(g), which applies where a defendant has possessed a controlled substance in violation of a condition of supervised release as set forth under 18 U.S.C. § 3583(d). 18 U.S.C. § 3583(g) requires the court to revoke supervised release and to require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment under 18 U.S.C. § 3583(e)(3).

3. The court must revoke supervised release in this case under 18 U.S.C. § 3583(g).

4. Supervised release in this case is also governed by Chapter Seven of the Sentencing Guidelines. Under the Sentencing Guidelines, each of defendant's violations constitutes a Grade A violation. *See* U.S.S.G. § 7B1.1(a)(1)(A). Taken together, these violations constitute a Grade A violation pursuant to U.S.S.G. § 7B1.1(b).

5. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

6. The Sentencing Guidelines state that the court must revoke supervised release upon a finding of a Grade A violation. *See* U.S.S.G. § 7B1.3(a)(2).

7. Upon revocation of supervised release, the recommended range of imprisonment is 37 to 46 months of imprisonment, as Ms. Sanchez's criminal history category is IV, her original offense was a Class A felony, and her supervised released violation is a Grade A violation. *See id.* § 7B1.4. The statutory maximum term of imprisonment upon revocation is five years, as Ms. San-

chez's original offense was a Class A felony. *See* 18 U.S.C. § 3583(e)(3), (g).

8. Upon consideration of 18 U.S.C. § 3553(e)(3) and (g) and U.S.S.G. Chapter 7, the court revokes the defendant's supervised release and imposes a sentence of 37 months. Such sentence shall be served consecutively to any sentence of imprisonment that the defendant is serving, as advised under U.S.S.G. § 7B1.3(f). The defendant's repeated failure to comply with the terms of release indicates that a 37–month term of imprisonment is warranted. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.