**UNITED STATES of America, Plaintiff,**

v.

**Eric BELL, Defendant.**

**Criminal Action No. 98–509–1.**

United States District Court, E.D. Pennsylvania.

March 15, 2002.

Joseph G. Poluka, Philadelphia, PA, for plaintiff.

Steven G. Laver, Philadelphia, PA, for defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

On November 3, 1998, defendant Eric Bell pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. On January 28, 1999, this court imposed a sentence of 27 months of imprisonment consecutive to the defendant's state sentence, followed by five years of supervised release, and ordered restitution to be paid in the amount of $57,800.88. Mr. Bell's supervised release commenced on February 9, 2001. On April 12, 2001, this court set a schedule for the defendant to make monthly payments of $20.00 towards his outstanding restitution balance. On April 18, 2001, this court ordered that the defendant provide his probation officer with access to certain financial information and that he not open new lines of credit or make any new credit charges unless approved by the Probation Office. On July 26, 2001, this court tolled defendant's supervision effective June 4, 2001 until August 2, 2001 because defendant was detained on a violation of state parole. On November 14, 2001, this court modified defendant's supervised release by ordering defendant to serve a term of four months at a Community Treatment Center as soon as a bed became available, with no further term of supervised release imposed.

Now before the court is a petition for revocation of supervised release by the Probation Office dated February 7, 2002 as amended by the submission by the Probation Office dated February 12, 2002, and as further amended by the submission by the Probation Office dated March 12, 2002. Upon consideration of the submissions of the government attorney and the Probation Office, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's supervised release as imposed on January 28, 1999 was that he refrain from any unlawful use of a controlled substance.

2. A modification condition of defendant's supervised release as imposed on November 14, 2001 was that defendant serve a term of four months at a Community Treatment Center as soon as a bed date becomes available, with no further term of supervised release following the conclusion of that sentence.

3. On December 11, 2001, the defendant was admitted to the Kintock Group.

4. On January 22, 2002, the defendant's urinalysis specimen tested positive for marijuana.

5. On February 1, 2002, Kintock Group discharged defendant as a program failure, because of his positive drug test.

6. Since the November 14, 2001 hearing before this court, the defendant has also submitted urinalysis specimens that tested positive for marijuana on the following dates: November 29, 2001, January 2, 2002, and February 5, 2002.

7. A general condition of defendant's supervised release as imposed on January 28, 1999 is that he not commit another federal, state or local crime.

8. On March 9, 2002, defendant was arrested by the Philadelphia Police Department and charged with one count of driving under the influence. The arrest report states that the defendant was stopped by the police after his vehicle was observed drifting out of the traffic lane. Upon approaching the vehicle, the officer noticed a cloud of smoke and the odor of marijuana coming from the car. The defendant failed a field sobriety test. A court hearing in this matter is scheduled for March 18, 2002.

9. The defendant informed his probation officer of the arrest on March 12, 2002, and admitted to smoking marijuana and to subsequently driving the car stopped by the police on March 9, 2002.

10. A special condition of defendant's supervised release as imposed on April 12, 2001 is that he make monthly payments of $20.00 toward his restitution, pending further report by the Probation Office.

11. The defendant has made only two such payments toward his restitution, one paid in May, 2001 and another in October, 2001.

12. A general condition of defendant's supervised release as imposed on January 28, 1999 is that defendant shall report to the Probation Office, as directed by the court or probation officer.

13. On November 21, 2001, U.S. Probation Officer John Lackey instructed the defendant to report to the Probation Office on November 27, 2001.

14. On November 27, 2001, the defendant failed to report to the Probation Office.

15. Another general condition of defendant's supervised release as imposed on January 28, 1999 was that he work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

16. At no time while he has been on supervised release has the defendant maintained consistent employment.

### Conclusions of Law

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining a modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1). See 18 U.S.C. § 3583(e). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish, deter, protect the public, and rehabilitate. See 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. See id.

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, the court may revoke supervised release. See 18 U.S.C. § 3583(e).

3. Upon finding that a defendant violated a condition of supervised release specifically by possessing a controlled substance, however, the court is required to revoke supervised release and impose a sentence that includes a term of imprison-

ment. *See* 18 U.S.C. § 3583(g); *see also* U.S.S.G. § 7B1.4 cmt. n. 5. However, the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. *See* 18 U.S.C. § 3583(d); *see also* U.S.S.G. § 7B1.4 cmt. n. 6.

**[1]** 4. Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

5. The Probation Office's petition, as well as evidence presented at the hearing, established by a preponderance of the evidence that defendant has violated several conditions of his supervised release.

6. Each such violation constitutes a Grade C violation. *See* U.S.S.G. § 7B1.1(b)(3).

7. Taken together, these violations constitute a Grade C violation pursuant to U.S.S.G. § 7B1.1(b).

8. The court may, upon a finding of a Grade C violation, revoke supervised release, extend the term of supervised release, and/or modify the conditions of supervision. *Id.* at § 7B1.3(a)(2). Revocation of supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision. *Id.* at § 7B1.3 cmt. n. 1.

**[2]** 9. The court is required to revoke supervised release and impose a sentence that includes a term of imprisonment under 18 U.S.C. § 3583(g) and U.S.S.G. § 7B1.4 cmt. nn. 5–6, because the defendant violated a condition of supervised release by possessing a controlled substance and because the court finds that an exception from the rule of section 3583(g) is not warranted in light of the defendant's recent unsuccessful participation in drug treatment at the Community Treatment Center.

10. The defendant's original offense is a Class B felony, his violations are Grade C, and his Criminal History Category is VI. Accordingly, if the court revokes supervised release, the recommended range of imprisonment under the Guidelines is eight to fourteen months, and the statutory maximum term of imprisonment upon revocation is three years. U.S.S.G. § 7B1.4; U.S.C. § 3583(e)(3).

**[3]** 11. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's supervised release and imposes a sentence of eight months of imprisonment. The court does not impose a further term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW,** this 15th day of March, 2002, upon consideration of the Petition for Revocation of Probation, as twice amended, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's supervised release is **REVOKED;**

2. The defendant is committed to the custody of the Bureau of Prisons for a term of eight (8) months; and

3. There shall be no further supervised release after defendant's release from imprisonment.

4. Defendant is remanded to the custody of the United States Marshal.