

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2003

# USA v. Arnold

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Arnold" (2003). *2003 Decisions.* Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2873
_____

UNITED STATES OF AMERICA

v.

MICHAEL ARNOLD,

Appellant.

_____

On Appeal from the Order of the United States District Court
for the Middle District of Pennsylvania
(No. 1:99-CR-060-1)

District Court Judge: The Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2003

Before: BARRY, FUENTES, Circuit Judges, McLAUGHLIN,* District Judge

(Opinion Filed: June 10, 2003)

* The Honorable Mary A. McLaughlin of the United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit</u> <u>Judge</u>.

Defendant Michael Arnold ("Arnold") appeals the twelve-month sentence imposed by the District Court for his second violation of supervised release conditions. Although there is no dispute that the District Court's sentence was within the range of the policy statement set forth in § 7B1.4(a) of the United States Sentencing Guidelines ("USSG"), Arnold seeks remand for re-sentencing. The District Court's imposition of a twelve-month sentence was not plainly unreasonable, and we will affirm.

## I.

Arnold's most recent supervised release violation was his second, but it is worth noting that this violation is part of multiple criminal offenses dating back several years. In 1998, Arnold was convicted of a counterfeiting offense and sentenced to two months of incarceration to be followed by a two-year period of supervised release. After his release from prison, Arnold violated the conditions of his first supervised release term by possessing firearms. He pleaded guilty, and the District Court sentenced him to eight months of incarceration for the supervised release violation and twenty-seven months for unlawful possession of firearms, to be followed by another two-year term of supervised release.

After his subsequent release from prison, Arnold again violated the terms of his

supervised release. Within months of his release, Arnold was charged in separate incidents of speeding, criminal mischief, public drunkenness, and disorderly conduct-- charges that are classified as "Grade B" offenses pursuant to USSG § 7B1.1(a)(2). Furthermore, Arnold failed to inform his Probation Officer promptly about these charges, as required by the terms of his supervised release--a "Grade C" violation pursuant to USSG § 7B1.1(a)(3). As a result of these recent offenses, the Government sought to revoke Arnold's second term of supervised release.

At the revocation hearing, Arnold agreed to admit to the Grade C offense of failing to inform his Probation Officer about the charges, while the Government agreed to refrain from introducing testimony as to the Grade B offenses. Arnold's Grade C offense and his criminal history category of IV resulted in a sentencing range of six to twelve months, pursuant to the policy statement in USSG § 7B1.4(a). The District Court sentenced Arnold to twelve months of incarceration.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3583(e). We have jurisdiction over the final order imposing sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(4). In general, we will not disturb a District Court's sentence for a violation of supervised release pursuant to USSG § 7B1.4(a), unless the sentence was "plainly unreasonable." 18 U.S.C. § 3742(a)(4); see also United States v. Blackston, 940 F.2d 877, 894 (3d Cir. 1991).

3

**III.**

Because they appear as "policy statements," the sentencing ranges set forth in USSG § 7B1.4(a) are not mandatory guidelines, but rather "advisory" ranges. United States v. Schwegel, 126 F.3d 551, 552 (3d Cir. 1997). In the present case, the District Court sentenced Arnold to a term within the applicable range in USSG § 7B1.4(a). Furthermore, the Court carefully considered Arnold's unique situation, including his persistent problems with alcohol abuse and his record of criminal activity. Under the circumstances, the Court's sentence reflected both the seriousness of the offenses and the need to provide "structured alcohol counseling." App. at 69. Given its well reasoned decision, we hold that the District Court's imposition of the maximum sentence within the applicable range in USSG § 7B1.4(a) was not plainly unreasonable.

For the reasons set forth above, we will affirm the judgment of the District Court.

_____

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

By the Court,

/s/ Julio M. Fuentes

Circuit Judge