

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2004

# USA v. Mahamoud

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2204

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Mahamoud" (2004). *2004 Decisions.* Paper 613.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/613

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2204

UNITED STATES OF AMERICA

v.

MOSTAFA MAHAMOUD,
                                            Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 95-cr-00411-1
(Honorable Dickinson R. Debevoise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2004

Before:  SCIRICA, *Chief Judge*, RENDELL and ALARCÓN*, *Circuit Judges*

(Filed: June 7, 2004)

OPINION OF THE COURT

_____

*The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge.*

Defendant Mostafa Mahamoud violated his term of supervised release and was sentenced to an upward departure of 20 months imprisonment. Mahamoud claims the sentencing court failed to articulate its reasons for the stricter sentence and that the imposed sentence is plainly unreasonable. We will affirm.

**I.**

In November 1995, defendant Mostafa Mahamoud pled guilty to conspiracy to commit counterfeiting offenses in volation of 18 U.S.C. § 371. Mahamoud's guidelines range was 18 to 24 months, but the District Court granted a downward departure pursuant to U.S.S.G. § 5K1.1 due to his substantial assistance to authorities and sentenced him to 12 months and 28 days of imprisonment (time served) plus three years of supervised release.

In March 1998, probation officials in New York determined that Mahamoud had left the United States to travel to Egypt, and a warrant for his arrest was subsequently issued in May 1998. Mahamoud allegedly returned to the United States under an assumed name in 1999, and he did not report to the probation office. On February 4, 2003, he was arrested in the company of a known fugitive during a traffic stop. On March 24, 2003, Mahamoud was charged with and pled guilty to violating a condition of his supervised release, namely failing to report to his probation officer and submit a monthly report, a Grade C violation. Pursuant to U.S.S.G. § 7B1.4(a), the recommended

sentencing range for a Grade C violation was three to nine months imprisonment. The statutory maximum term of imprisonment was 24 months, pursuant to 18 U.S.C. § 3583(e)(3).

At the sentencing hearing, defense counsel requested a sentence at the bottom of the recommended sentencing range, noting Mahamoud's lack of a criminal history and claiming that his return to Egypt was motivated by a desire to spend time with his daughter who was recovering from heart surgery. The government, on the other hand, argued that Mahamoud should receive an upward departure of twenty months because he took advantage of the downward departure in his original sentencing; his illegal re-entry into the United States under a false name; his failure to report to probation for almost four years; and his being arrested in the company of a wanted individual with almost $5,300 on his person.

The District Court stated that it had considered the Presentence Report, the Violation of Supervised Release Report, arguments by counsel, and Mahamoud's own remarks. While the court recognized Mahamoud's concern for his daughter, it noted that he should have notified the probation office of his daughter's condition and requested permission to go to Egypt. The court revoked the previously imposed term of supervised release and sentenced Mahamoud to 20 months imprisonment, followed by supervised release of one year. Mahamoud filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

## II.

A district court sentencing a defendant upon revocation of supervised release under § 3583(e) must consider the policy statements in Chapter 7 of the sentencing guidelines and sentencing factors enumerated in § 3553(a). *United States v. Blackston,* 940 F.2d 877, 893 (3d Cir. 1991). If an upward departure is imposed, the court "must simply state on the record its *general* reasons under section 3553(a) for rejecting the Chapter 7 policy statements and for imposing a more stringent sentence." *Id.* (emphasis in original). We review the District Court's decision to exceed the sentencing range set forth by U.S.S.G. § 7B1.4 for abuse of discretion resulting in a "plainly unreasonable" sentence. *Id.* at 894; *United States v. Schwegel,* 126 F.3d 551, 555 (3d Cir. 1997).

Mahamoud claims that the District Court failed to consider the Chapter 7 policy statements and failed to sufficiently articulate its reasons under 8 U.S.C. § 3553(a) for imposing a sentence outside the recommended sentencing range. We disagree. The District Court noted that the sentence comports with Application Note 4 to U.S.S.G. § 7B1.4, which provides that "[w]here the original sentence was the result of a downward departure, . . . an upward departure may be warranted." In addition, the court stated its reasons for the upward departure, including: (1) Mahamoud's failure to report to the probation office (relating to "the nature and circumstances of the offense" under § 3553(a)(1)); (2) the fact that he was a fugitive for four years until he was apprehended in the company of another wanted fugitive (relating to "the nature and circumstances of the

4

offense" and "history and characteristics of the offense," both under § 3553(a)(1)); and (3) his having benefitted from a downward departure at the original sentencing but still violating his supervised release (relating to "history and characteristics of the defendant" plus "deterrence to criminal conduct" under § 3553(a)(2)(B)). The District Court followed the directives in *Blackstone* and did not abuse its discretion.

Mahamoud also claims the 20-month sentence imposition for a Grade C violation was "plainly unreasonable." He basically contends the court should have been more lenient in the imposed sentence due to the nature of his daughter's surgery and his subsequent fear of reporting to the authorities upon returning to the United States. Indeed, the District Court took his daughter's illness into consideration, as well as all other relevant factors, as prescribed by § 3553(a). It did not abuse its discretion in weighing the other factors more heavily.

## III.

For the reasons stated, we will affirm the judgment of sentence imposed by the District Court.