

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2007

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2822

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Brown" (2007). *2007 Decisions.* Paper 1678.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1678

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 06-2822

UNITED STATES OF AMERICA

v.

LISA A. BROWN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: 03-cr-00354-8
District Judge: The Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge\**

(Filed: February 5, 2007 )

_____

OPINION

_____

_____

*The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

Lisa A. Brown admitted to violating the conditions of her probation. As a result, the District Court revoked her probation and sentenced her to five months imprisonment. Brown appeals the judgment of sentence. For the reasons that follow, we will affirm.

Brown was accordingly charged on May 6, 2003 with producing and using fictitious financial instruments purportedly under the authority of the United States, in violation of 18 U.S.C. §§ 371 and 514. The indictment also charged seven co-defendants. On September 9, 2004, Brown pled guilty to a superseding information charging Brown with misprision of a felony: conspiracy to pass and possess false and fictitious instruments of the United States. On January 4, 2005, the District Court sentenced Brown to two years of probation, required four months of home confinement, and imposed a fine of one thousand dollars. On June 20, 2005, the Probation Office filed a petition with the District Court alleging Brown had violated her probation by: (1) failing to report to the Probation Office for a mandatory collection of a DNA blood sample, (2) failing to seek lawful employment or document her claimed self-employment, (3) refusing to accept mail sent by the Probation Office, and (4) failing to submit to a required monthly supervision report.

The District Court issued a summons for Brown to appear at a hearing scheduled for July 7, 2005. Brown failed to attend. The District Court scheduled another hearing for September 22, 2005. Brown again failed to attend. As a result, the District Court

issued a warrant for Brown's arrest. For three months thereafter, Brown remained a fugitive. Authorities eventually arrested Brown on January 20, 2006. On February 2, 2006, Brown denied violating her probation. On February 23, 2006, as a result of Brown's odd behavior and statements–which nearly led the District Court to hold her in contempt–the District Court granted the competency evaluation requested by Brown's counsel. Brown claimed that, as a Moorish American National, she was not required to comply with local, state, and federal laws. Catherine Barber, Ph.D., evaluated Brown and found her competent.

On April 18, 2006, Brown admitted to violating her probation by refusing to accept mail sent by the Probation Office. The remaining charges were dismissed. The court held a sentencing hearing that lasted for two days. At the hearing, Dr. Barber testified that Brown was competent. After considering the range of sentences suggested by the Sentencing Guidelines[1] for the probation violation–three to nine months of imprisonment–and for the original offense of misprision of a felony–four to nine months of imprisonment–the District Court revoked Brown's sentence and sentenced her to five months of imprisonment on May 15, 2006. In reaching that sentence, the District Court noted, in particular, the significance of Brown's fraud against the United States and her breach of the court's trust. Brown timely appealed the judgment of sentence. On appeal,

---

[1]The suggested sentence for the probation violation was based on a violation that was Grade C and a Criminal History of Category I. The now-advisory sentencing range for the original offense was based on a total Offense Level of nine and a Criminal History Category I.

Brown argues that the District Court failed to consider explicitly all of the relevant factors enumerated in 18 U.S.C. § 3553(a), and that the District Court imposed an unreasonable sentence.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because it is a final decision of the District Court, and pursuant to 18 U.S.C. § 3742(a)(1) for sentences imposed in violation of the law. *See United States v. Cooper*, 2006 U.S. App. LEXIS 8075, at **5-9 (3d Cir. Feb. 14, 2006). Before *United States v. Booker*, 534 U.S. 220 (2005), we reviewed sentences imposed for violations of probation or supervised release for "abuse of discretion that resulted in a 'plainly unreasonable' sentence." *United States v. Dees*, 467 F.3d 847, 852 (3d Cir. 2006) (citing *United States v. Schwegel*, 126 F.3d 551, 555 (3d Cir. 1997)). Brown contends that, in light of *Booker*, the "plainly unreasonable" standard of review has been replaced with one of "reasonableness." Because we conclude that Brown's sentence satisfies either standard, we need not determine at this time which standard applies to sentences imposed for violations of probation.

Brown broadly asserts that the District Court failed to articulate explicitly, on the record, its consideration of the § 3553(a) factors. We find otherwise. Under 18 U.S.C. § 3565(a)(2), if a "defendant violates a condition of probation at any time prior to the expiration . . . of probation, the court may, after a hearing . . . , and after considering the factors set forth in [§] 3553(a) to the extent they are applicable . . . revoke the sentence of

4

probation and resentence the defendant under subchapter A." § 3565(a)(2). Specifically, the District Could should consider the non-binding policy statements of Guidelines Manual Chapter 7. *See* § 3553(a)(4)(B). The District Court need not make specific findings with respect to each of the § 3553(a) factors that it considered. *Cooper*, 2006 U.S. App. LEXIS 8075, at **11. Rather, the record must show that the District Court gave meaningful consideration to the § 3553(a) factors and addressed the arguments raised by the parties that have recognized legal merit. *Id.*

The record makes abundantly clear that the District Court meaningfully considered the relevant § 3553(a) factors. In fact, the District Court explicitly articulated its consideration of the factors stated above. (J.A. 371-381.) Not only did it consider Brown's breach of the court's trust, but the District Court also considered the nature of her probation violations and underlying offense, her disrespect for the court, and the need for deterrence. After "taking into account all the factors under [§] 3553(a)" (J.A. 377), the District Court sentenced Brown to five months of imprisonment. Therefore, after reviewing the record, we conclude that the District Court adequately considered the § 3553(a) factors.

Brown also argues that her sentence is unreasonable because her probation violation warranted leniency. She asserts that her sentence is greater than necessary to fulfill the purposes of sentencing. In support of this assertion, Brown notes that her probation violation was non-violent and influenced by her religious beliefs and

5

membership to the Moorish American Temple. We reject this argument. As shown below, in reaching Brown's sentence, the District Court appropriately considered Brown's request for leniency due to her religious belief and the circumstances surrounding her probation violation. (J.A. 369-80.)

The District Court found that Brown's conduct, while on probation, was the most "contumacious and disrespectful" of any defendant to have come before the court. The District Court noted that Brown had disregarded the instructions of her probation officer, refused to receive mail from the Probation Office, and failed to appear for hearings regarding her probation violations. Further, the District Court recognized the influence of Brown's religious beliefs and membership to the Moorish American Temple, but found that others who shared the same belief system did not break the law. In light of Brown's involvement in a significant fraud against the United States–which "did not appear to be casual or sporadic" (J.A. 378)–and her misconduct during probation, the court ruled out continuing and extending her probation. The District Court concluded that "[i]t's necessary to [deter] others from participating in such schemes" and to "deter any future criminal conduct by Ms. Brown." (J.A. 379.) The District Court also took into account the mitigating factors, including Brown's remorse for her misconduct and her mother's need for assistance. However, the District Court additionally noted that after her previous sentencing, Brown "didn't keep her promise and seemed as virulent as ever in undermining the probation department as she had previously attempted to undermine this

6

forum." (J.A. 380.) After considering these factors, the District Court imposed a sentence toward the lower-end of the range suggested by the sentencing guidelines. Thus, the District Court's sentence was not unreasonable.

We conclude that the District Court properly considered the relevant § 3553(a) factors in arriving at Brown's sentence, and that the District Court's sentence was not "plainly unreasonable." Further, we conclude that the sentence was "reasonable." Therefore, we will affirm the District Court's judgment of sentence.