**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3495
_____

UNITED STATES OF AMERICA

v.

MIGUEL MASSA,
a/k/a SNUFF

Miguel Massa,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00398-008)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2018
_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*.

(Filed: May 2, 2018)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Miguel Massa appeals as procedurally and substantively unreasonable the sentence of the United States District Court for the Eastern District of Pennsylvania sentencing him to 30 months' imprisonment for violating the terms of his probation. We will affirm.

**I**

As we write solely for the benefit of the parties, we set out only the facts necessary for the discussion that follows. In November 2013, Massa pled guilty to possession of a firearm with an obliterated serial number. Despite a guidelines range of 6 to 12 months' imprisonment, the District Court sentenced Massa to two years' probation in March 2014, with a stipulation that he be confined to his residence for the first six months. The District Court also imposed the condition that Massa not commit any federal, state or local crime while on probation.

On May 29, 2014, Philadelphia police arrested Massa on state charges of sexual abuse of a minor, stemming from his inappropriate conduct with his then eleven-year-old niece. The notes from the victim's interview with the Philadelphia Children's Alliance on May 21, 2014, state that the conduct occurred on several occasions, most recently "about a month" before the interview. App. 19. In October 2014, Massa pled guilty to attempted deviate sexual intercourse by forcible compulsion.

In August 2016, the District Court held a revocation hearing, at which it revoked Massa's probation in light of both the sexual assault (a Grade A violation) and leaving his

house without prior approval on several occasions (a Grade C violation).[1] The Guideline

range for the violation was 12 to 18 months' imprisonment. The District Court sentenced

Massa to 30 months' imprisonment, to be served consecutive to his sentence for the state

charges. *Id.* This timely appeal followed.

## II[2]

We review a district court's decision to revoke probation for abuse of discretion.

*United States v. Schwegel*, 126 F.3d 551, 555 (3d Cir. 1997). We review factual findings

supporting that decision for clear error. *United States v. Maloney*, 513 F.3d 350, 354 (3d

Cir. 2008).

To demonstrate that a sentence is procedurally reasonable, a district court must

show "meaningful consideration of the relevant statutory factors and the exercise of

independent judgment[.]" *United States v. Grier*, 475 F.3d 556, 571–72 (3d Cir. 2007)

(en banc).

We will affirm a procedurally sound sentence as substantively reasonable "unless

no reasonable sentencing court would have imposed the same sentence on that particular

defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d

558, 567 (3d Cir. 2009) (en banc). Review for substantive reasonableness requires a

"totality of the circumstances" approach, pursuant to which we accord significant

deference to a district court's "determination that the § 3553(a) factors, on a whole,

---

[1] Massa admitted his guilt for the Grade C violation at the hearing, and it is not at issue in this appeal.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 3583(e), and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

justify the sentence." *Id*. at 567–68 (internal quotation marks omitted). As the party challenging the sentence, Massa bears the burden of demonstrating unreasonableness. *Id*.

**III**

Massa first argues that the District Court erred by finding that the sexual assault occurred during the period of his probation. Despite his assertion that none of the investigative reports "establishes the date(s) of the alleged incident," the victim told investigators that the most recent incident occurred a month prior to May 21, 2014—after Massa began probation. The victim's statement was sufficient for the District Court to determine that a violation of Massa's probation had occurred. It did not clearly err in making this determination.

Massa next argues that his sentence was procedurally unreasonable because the District Court both improperly considered the § 3553(a) factors and failed to explain its decision to vary upward. We disagree. After "consider[ing] the various [§ 3553(a)] factors," as well as "the nature and circumstances of the offense of the [present] violation," the court found that an upward variance was "appropriate" to reflect "the seriousness of the violation." App. 103. We are satisfied that it engaged in a meaningful consideration of the Section 3553(a) factors and adequately explained its reasoning.

Having concluded that Massa's sentence was not procedurally unreasonable, we turn now to the question of whether it was substantively reasonable. Massa argues that his sentence was unreasonable because the District Court imposed an upward variance. When a district court imposes an above-Guidelines sentence in a revocation proceeding,

4

it must "consider" the advisory sentencing range under U.S.S.G. § 7B1.4(a), and "state on the record its general reasons under section 3553(a) . . . for imposing a more stringent sentence." *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir. 1991). Note 4 to Guideline Section 7B1.4 states that "[w]here the original sentence was the result of a downward departure . . . , an upward departure [in the sentence following the revocation of probation] may be warranted." U.S.S.G. § 7B1.4, app. n. 4.

The record shows that the District Court explicitly acknowledged the advisory Guideline range, as well as the appropriate statutory factors. It found that Massa's "egregious" conduct necessitated an upward variance. App. 103. Because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Massa] for the reasons the [D]istrict [C]ourt provided," *Tomko*, 562 F.3d at 568, we conclude that the sentence was substantively reasonable. It did not abuse its discretion in sentencing Massa to 30 months' imprisonment.

**IV**

For the foregoing reasons, we affirm the sentence imposed by the District Court.