**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3769
_____

UNITED STATES OF AMERICA

v.

NICHOLAS KYLE MARTINO,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1-17-cr-00240-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 11, 2020

Before:  McKEE, AMBRO, and PHIPPS, *Circuit Judges*.

(Opinion filed: September 15, 2020)

_____

OPINION[*]

_____

---

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

From New Jersey, as a seventeen year old, Nicholas Kyle Martino made a series of violent threats to people in Texas. He did so in 2016, in the wake of a shooting at Alpine High School in Texas. Between his telephone and his twitter account, Martino threatened to shoot everyone at the hospital that was treating the school shooting victims, to bomb a nearby university, and to kill a Congressman and his family.

Through an information in the Western District of Texas, Martino was charged with four counts of threatening to injure a person through interstate communications, in violation of 18 U.S.C. § 875(c). Martino pled guilty to each count. According to the United States Sentencing Guidelines, his term of imprisonment would range from 24 to 30 months. But Martino entered a plea bargain with an agreed-upon sentence of five years' probation. *See* Fed. R. Crim. P. 11(c)(1)(C). The District Court in Texas approved that sentence and imposed several conditions on his probation. Those included restrictions on his use of computers and internet-connected devices. The District Court in Texas then transferred supervision of Martino's probation to the District of New Jersey due to Martino's residency there.

Just months into his probation, Martino violated his probation conditions in six respects, all related to cyber conduct. Those included calling his cyber girlfriend over 120 times in one day, hacking her Facebook account, attempting to hack her cell phone, threatening to kill people, and lying to his probation officer. At a hearing, Martino waived his right to a revocation hearing and admitted one of those violations – failing to provide truthful answers to his probation officer. The District Court imposed additional

2

conditions on Martino's probation, including restricting his computer usage to a computer with monitoring software.  In the hope that attending college would assist Martino, the District Court mentioned the possibility of dismissing the remaining violations and deferred a decision on probation revocation by postponing the hearing several times.

The next several months did not go well, however.  Before his hearing, Martino committed eight additional violations of his conditions of probation.  Those included falsely reporting his cyber girlfriend as suicidal to law enforcement and on social media (through a spoofed internet address), accessing the internet on a device that was not approved by the Probation Office, and possessing a dangerous weapon (a large kitchen knife).

With those, Martino had violated the conditions of his probation fourteen times. He agreed to admit to one of those new violations – accessing the internet on a device that was not approved by the Probation Office – and the Government agreed to move to dismiss the remaining twelve outstanding violations (five original and seven new).

The District Court then held a sentencing hearing for the two violations that Martino had admitted.  Those both constituted Grade C violations under the United States Sentencing Guidelines Manual, each with an advisory range of three to nine months imprisonment.  *See* U.S. Sentencing Guidelines Manual §§ 7B1.1, 7B1.4 (U.S. Sentencing Comm'n 2018).  In exercising its jurisdiction, *see* 18 U.S.C. § 3231, the District Court sentenced Martino to 36 months' incarceration and two years of supervised release.  The supervised release carried several conditions, one of which was that Martino

3

was to have no access to the internet for one and potentially up to two years following his release.

On appeal, Martino raises three arguments. His first two challenges dispute the length of his prison sentence. With the understanding that his increased sentence was an upward departure from an advisory range, he contends, first, that he was not provided adequate notice of any contemplated upward departure and, second, that none of the identified bases for a departure – Guidelines Sections 5K2.0(a)(3), 5K2.7, or 5K2.21 – are met here. As his third challenge, Martino argues that the restrictions on his use of the internet for his term of supervised release are greater infringements on his liberty than are reasonably necessary.

As a timely appeal of a judgment imposing a sentence, this case is within our appellate jurisdiction. *See* 28 U.S.C. § 1291; 18 U.S.C. § 3742(a). For the reasons below, we reject each of Martino's arguments and will affirm the sentence.

## I.

Martino's first two challenges rest on the same premise: that the District Court imposed the increased sentence as a *departure* under the Sentencing Guidelines. To impose a sentence when a Sentencing Guideline applies, a Court must conduct a three-step analysis, with the second step being to formally rule on departures. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).[1] But the Sentencing Commission has

---

[1] The three-step analysis requires a court to (i) calculate the applicable range under the Sentencing Guidelines; (ii) formally rule on departures; and (iii) determine whether a

not issued Guidelines for revocation of probation.  Instead the Commission has

promulgated only advisory Policy Statements:

> Under 28 U.S.C. § 994(a)(3), the Sentencing Commission is required to issue guidelines or policy statements applicable to the revocation of probation and supervised release.  At this time, the Commission has chosen to promulgate policy statements only.

U.S. Sentencing Guidelines Manual Ch. 7, pt. A.1 (U.S. Sentencing Comm'n 2018).

Without a Guideline governing revocation of probation, the three-step process does not

apply, and no process exists to account for, much less formally rule on, departures.[2]

Instead, to revoke probation and resentence requires consideration of only the

§ 3553(a) factors.  *See* 18 U.S.C. § 3565(a) (permitting revocation of probation and

resentencing "after considerat[ion of] the factors set for the in section 3553(a) to the

extent that they are applicable").  Those factors expressly require consideration of Policy

Statements in imposing a sentence for probation violations.  *See* 18 U.S.C.

---

variance is appropriate after consideration of the § 3553(a) factors.  *See Gunter*, 462 F.3d at 247.

[2] *See United States v. Blackston*, 940 F.2d 877, 893 (3d Cir. 1991) ("When working with policy statements (as opposed to guidelines), the district court is not required . . . to justify its decision to impose a sentence outside of the prescribed range . . . by finding an aggravating factor that warrants an upward departure under 18 U.S.C. § 3553(b)."); *see also United States v. Marvin*, 135 F.3d 1129, 1142 (7th Cir. 1998) ("[A]ny upward deviations from the advisory sentencing ranges in § 7B1.4(a) are not 'departures[.]'" (emphasis omitted)); *United States v. Hofierka*, 83 F.3d 357, 362 (11th Cir. 1996) ("Because we hold that the Chapter 7 sentencing range is not binding on district courts and that it is within their discretion to exceed this range, it follows that exceeding this range does not constitute a 'departure.'"); *United States v. Mathena*, 23 F.3d 87, 93 n.13 (5th Cir. 1994) ("A sentence which diverges from advisory policy statements is not a departure such that a court has to provide notice or make specific findings normally associated with departures under § 3553(b).").

§ 3553(a)(4)(B). But the advisory range from the Policy Statements does not constitute a baseline range for departures.[3] Rather, that advisory range is one of the § 3553(a) factors that a court must consider in imposing a probation violation sentence – which cannot exceed the statutory maximum for the underlying offense, *see United States v. Boyd*, 961 F.2d 434, 439 (3d Cir. 1992).

Here, in sentencing Martino to 36 months' imprisonment, no one disputes that the District Court considered the applicable § 3553(a) factors. It considered Policy Statement ranges for the probation violations as well as the Guidelines Range for Martino's original sentence and the other applicable § 3553(a) factors. And it did not impose a sentence for probation violations in excess of the five-year statutory maximum for the underlying offense. *See* 18 U.S.C. § 875(c). Thus, it did not err as a matter of law or abuse its discretion in sentencing Martino to 36 months' imprisonment.

Martino's arguments challenge an alternative rationale that District Court provided for that sentence. Specifically, it justified the 36-month sentence as a departure under the three-step Sentencing Guidelines process. But that three-step process and the formal procedures for ruling on upward departures do not apply to probation revocation sentences, and thus those challenges have no traction here.

---

[3] *See Blackston*, 940 F.2d at 894 (explaining that "Chapter 7 policy statements are not 'sentencing guidelines'" so the Court reviews the sentence as if "there is no applicable sentencing guideline"); *see also United States v. Schwegel*, 126 F.3d 551, 553 (3d Cir. 1997) (per curiam) (rejecting the argument that "range" or "guidelines" in § 3553(b) refers to § 7B1.4's policy statements).

## II.

Beyond his term of imprisonment, Martino disputes the condition on his supervised release that forbids him from using the internet for up to two years. The District Court did not abuse its discretion in imposing that condition. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*) (reviewing the substantive reasonableness of a sentence for an abuse of discretion). Martino used the internet and electronic technology with sophistication to threaten a Congressman and his family, to intentionally and falsely report emergencies, and to harass his cyber girlfriend. He took some of those actions even after he was ordered as a condition of probation to use only a computer with computer monitoring software. In this context, neither the severity nor the duration of the 'no internet' condition rises to the level of an abuse of discretion.

\* \* \*

For these reasons, we will affirm the judgment of sentence.